DORE, Judge.
This is a possessory action, involving a strip of land 25% feet front on Hancock Street, in the Town of Covington, by a depth of some 300 feet. Plaintiffs, husband and wife, allege that they are the owners of certain property situated in the Town of Covington, Parish of St. Tammany, a full description whereof is inserted in their petition, and which they allege was purchased by them on February 23, 1945. They brought this suit against the defendant, alleging that on April 7, 1948, he, defendant, disturbed them in their possession of the property by entering upon the same and cutting down and destroying a fence ■erected thereon. They further allege that they had the real and actual possession of the said property at the time when the said disturbance occurred; that they have had possession of said property quietly and without interruption, by virtue of their title above set forth, for more than one year previous to their being disturbed as aforesaid; that they have suffered a real ■disturbance in fact and in law; that less than a year has elapsed since the said disturbance occurred; that they desire to be maintained in their possession.
Defendant, in answer, denies the allegations of plaintiffs’ petition. In ' further answer, he assumes the position in recon-vention and alleges that he has had the actual, physical, corporeal, notorious and peaceable possession of the disputed property, it, being included in a tract of land acquired by him on November 24, 1924, as owner, for more than one year previous to April 7, 1948, which is the alleged date of disturbance. He alleges that oh April 6, 1948, the plaintiffs, pretending to b'e the .owners of a part of his property (the property in dispute), entered upon the same, cut down and destroyed cedar trees thereon, tore down and destroyed the fence along the front thereof, and began the erection and construction of -another fence within the boundaries of said property; that he had the real and actual possession of said property at the time said disturbance occurred; that he has had possession of said property quietly and without interruption, as owner, by virtue of his title, for more than one year previous to his being disturbed; that he, as a result of the acts of plaintiffs, has suffered a real disturbance in fact and in law; that less than one year has elapsed since the said disturbance occurred and that he desires to be maintained in the possession of said property.
The trial of the suit resulted in a judgment, with written reasons assigned, in favor of defendant and against the plaintiff maintaining and quieting the defendant in the possession of the property in dispute, and rej ecting the plaintiffs’ demand at their costs. Plaintiffs have appealed.
*140 It appears from the pleadings and judgment rendered thereunder that we -have two possessory actions in.the same suit, that is one by the plaintiffs and one by defendant in his réconventional demand.
Code of Practice, Article ■ 46 provides: “The possessory action, which is a branch of real actions, may be: brought by any possessor of a real estate, or of a real right, who is disturbed either in the possession of the estate or in the enjoyment of the right, against him who causes the disturbance, in' order to be maintained in, or restored to' the possession, whether he has been evicted or disturbed; provided his possession be • accompanied by the-qualifications hereafter required.”
The qualifications hereinabove mentioned are found in Code of Practice, Article 49. That Article provides: "In order that the possessor of a real estate, or one who claims a right to which such estate may be subjected, may be entitled to bring a pos-sessory action, it is required:
“1. That he should have had the real and actual possession of the property at the instant when the disturbance occurred; a mere civil or legal possession is not sufficient ;
“2. That he should have had that possession quietly and without interruption, by virtue of one of the titles prescribed in the forty-seventh .article, for more than a year previous to his being disturbed; provided the possession of less than one year be sufficient, in case the possessor should have been evicted by force or by fraud; :
“3- That he should have suffered a real disturbance either in fact or in law;
“4. That he should have brought his .suit, at the latest, within the year in which the disturbance took place. When the possession of the plaintiff is accompanied with all those circumstances, it matters not whether he possesses in good or in, bad faith, or even as a usurper, he shall nevertheless be entitled to his possessory action.”
In an action for possession of realty question of title is not in issue. However, in order to locate the property in dispute, and understand the case, it is necessary that reference be made to the deeds of acquisition of both plaintiffs and defendant.
Oh trial of the case, plaintiffs introduced in evidence a deed of date of February 23, 1945, wherein plaintiffs acquired from one Adolph C. LaBorde, a certain lot of ground forming the corner of Jefferson Avenue and Hancock Street, in the Town of Cov-ington, having a front of 300 feet on Jefferson Avenue by a depth of 385.5 feet on Hancock Street, between parallel lines, to the continuation of Theard Street. Apparently LaBorde’s predecessor or predecessors in title did not fence all of the property which plaintiff’s deed calls for; either LaBorde or one of his predecessor in title erected a fence some 360 feet, along Hancock Street, enclosing a lot of 300 feet on Jefferson Avenue by 360 feet on Hancock Street. The defendant, on November 24, 1924, purchased from Mrs. Blanch A. Frederick, a lot in the same locality, a partial description of which is “commencing at a piece of iron pipe 360 feet from the corner of Jefferson Avenue, and Hancock Street, and running 633 feet southeast along Hancock Street to the Hasmer property.” Prior to the purchase of plaintiffs, a survey was made of the LaBorde property, thus showing the overlapping of 25.5 feet in the respective titles. This 25.5 feet is outside of the fence built by/LaBorde or one of his predecessors in title, and is the property in dispute.' ' Thusly the description in the respective titles covers the property in dispute.
Although the deeds of the parties are not an issue in this case, they are however necessary for the purpose of showing the extent of possession under said deeds. Consequently, the only question to be determined herein is who had the real and actual possession of the property in dispute for more than a year prior to the disturbance, and whether or not the party disturbed brought this suit within the year in which the disturbance took place. Code of Practice, Article 49, supra.
The record discloses that plaintiffs, on April 6, 1948, caused two cedar trees to be cut and a fence to be built on the east side of the- property in question. On April 7, *141 1948, the defendant destroyed the fence built by plaintiffs. Plaintiffs filed this suit on May 24, 1948 and defendant filed his «conventional demand on June 24, 1948, thus the parties disturbed' brought their action within the year in which the disturbance occurred. The only remaining question is who has had the real and actual physical possession of the disputed property for more than a year prior to the disturbance.
With reference to plaintiffs’ real and actual possession of the disputed property, the trial judge in his written reasons for judgment states: “The plaintiffs, in order to establish their possession of the property, showed that after (before) they purchased it in 1945 they had the property surveyed and marked off by stakes and, at different times, planned what to do with said property. They further showed that their author in title, LaBorde, fenced a part of this property that was sold to them and, even though the property in dispute was not fenced by LaBorde, that (since he had exercised actual possession of a portion of said tract) this constituted' in law possession of the whole tract. I might add that the evidence fails to show that LaBorde exercised any other act of possession over the property in dispute other than fencing a portion of the tract that he owned, which did not include said property in dispute. Further than this, the testimony convinces me that the plaintiffs have shown no actual possession of the property, other than that exercised by LaBorde. There can be no question but what the legal and rightful owner of a tract of land, who exercises actual possession of a portion thereof, is in legal and constructive possession of the whole, biit this principle of law is subject to certain exceptions. One of these exceptions is that said constructive possession can be lost if the holder of said possession permits another to go into actual physical possession of said property and retain said possession for more than one year. Admitting then, for the purpose of argument and for this purpose only, that the deed of the plaintiffs describes the property in dispute then their constructive possession under their title can avail them nothing if the defendant in the case has shown that he was in the actual physical possession of the property fdr more than a year prior to his disturbance by the plaintiffs.” ■ ■
. The question of plaintiff’s real' and actual possession is a factual one. After a careful examination of the record, we find that the record amply justifies the trial judge’s conclusion. In fact, this fact is not seriously disputed by plaintiffs in their brief. The plaintiffs, in their brief only, contend -that the trial judge was in error in holding that defendant had had the real and actual possession of the disputed property for more than a year and in holding that plaintiffs had lost the constructive possession of the disputed property. Comment on this phase of the case will be hereinafter, made.
As to defendant’s, Smith’s, real and actual possession of the disputed property, the trial judge in his written reasons for judgment states: “The defendant, Smith, when asked what possession he had exercised over the property within one year prior to the disturbance, testified that he had lived on the property, rented some of it, stored steel thereon and placed rocks there for a rock garden; that he had planted canes all along on the lines of said property, cut trees and had opened a ditch and had built bridges, and that he had taken care of'the property in this manner since he moved on it some fifteen (15)' years ago. He further testified that as' soon as he learned the plaintiffs were cutting trees on the property he threatened them with criminal prosecution, and when he discovered they were building a fence he immediately removed this fence. There 'is no question in my mind' but what the ditches which the defendant' opened were on the property,- and' I am -satisfied' that steel was stored bn the property in dispute as well as canes having been planted thereon, and I am further satisfied that these acts of possession were exercised for many years prior to the disturbance by the plaintiffs. The defendant, Smith, was corroborated in his testimony by his son, J. Louis Smith, Jr., and by the witnesses 'Alex Jan-nessy and Mrs. Bourgeois, who were tenants of the defendant and exercised many acts of possession in regard to the property in *142 dispute throughout the years. Thus, in view of all these acts of actual, corporeal possession exercised over the property by the defendant, as owner and through his tenants, I am of the opinion that said defendant possessed the property quietly and without interruption for more than a year prior to being disturbed by the plaintiffs herein.”
A review of the record justifies the conclusion that Smith testified as reported by the trial judge. The plaintiffs contend that the testimony of Smith was not corroborated by any witnesses nor by physical signs. They admit, however, that Smith has resided on the property purchased by him, giving him only the constructive possession of the disputed property. They attack the testimony of Mrs. Bourgeois and Mr. Jannessy, tenants of Smith, contending that neither of these tenants knew just where the disputed strip was. In short, their contention is that defendant has utterly failed, to show real and actual possession of the strip.
The finding of the trial judge may be erroneous in that what the trial judge did find was not sufficient in law to sustain a real and actual possession of the disputed property. However, we find that the trial judge’s findings are supported by the record. We find a very material fact overlooked by the trial judge in his reasons for judgment and that is that defendant Smith testified that upon his purchase, there was a fence along Hancock Street from his eastern boundary to the fence built alongside Hancock Street by the La-Bordes, and which he rebuilt. In this, he is corroborated by Mr. Frederick, the husband of his vendor, who testified that the whole of the property sold to. Smith was under fence at that time and that he and his wife were in possession of the “whole of it” before the sale. Mrs. Daull, one of the plaintiffs, testified that “there was an old broken down fence there, just old wire.” Mr. James Oliphant, one of plaintiff’s witnesses, on being asked the question, “Isn’t it a fact when you put that fence up, you cut a stretch of wire on the fence on Hancock Street?” answered “No, there was no fence there except a few strands of old wire on the ground. That was not in my way.” According to Ephriam White, who, on April 6, 1948, had helped Oliphant in the building of the fence removed by Smith, also a witness for plaintiffs, on that day testified that there was a fence of two strands of wire oil Hancock Street on the property in dispute. And finally, but not least, Mr. Daull, one of the plaintiffs, admitted on cross-examination, that there were, on the front, on Hancock Street, on April 6, 1948, “just something laying flat about fifteen or twenty feet,” (evidence of the remnants of an old fence). All-of this is in corroboration of defendant’s contention that he has had the real and actual possession of the property in dispute for more than one year prior to April 6, 1948, and that the trial judge’s conclusion is correct.
Admitting, however, for the mere sake of argument that neither the plaintiffs nor the defendant have had the real and actual possession of the disputed possession of the propel ty for more than one year prior to the disturbance, that is the cutting of two cedar trees and the building of a fence thereon on April 6, 1949, by the plaintiff and the removal of the fence so built by defendant on April 7, 1948, and that plaintiffs as well as defendant had taken actual possession of adjoining tracts to the land in contest, which, together with the land in contest, was included in the description of the land under titles, which latter fact is shown by the record, a position most advantageous to the plaintiffs, it is apparent that the possession of defendant was prior to that of plaintiffs, and considering the possession of both parties as constructive, it is apparent that plaintiffs cannot recover on the face of the record.
“It is manifestly impossible that there should be two constructive possessions at one and the same time of the same property. The person first holding constructive possession of a particular property under a title maintains it as against later alleged constructive possession of the same property by another person. The possession *143 of the latter is limited to the precise property of which he has actual possession.” Gilmore v. Schenck, 115 La. 386, 39 So. 40, 44.
For these reasons, the judgment appealed from is affirmed.