187 So.2d 208 (1966)
The HAAS LAND COMPANY, Ltd., Plaintiff-Appellee,
v.
David Baker O'QUIN, Defendant-Appellant.
No. 1711.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1966.
*209 Bennett & Laborde, by Ben C. Bennett, Jr., Marksville, for defendant-appellant.
Laborde, Lafargue & Brouillette, by C. E. Laborde, Jr., Marksville, Fruge & Foret, by J. Burton Foret, Ville Platte, for plaintiff-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
TATE, Judge.
This is a possessory action. On the basis of an allegation in the defendant's answer, the plaintiff moved for and was granted judgment on the pleadings without a trial on the merits.
The question for decision is whether a statement in one of the allegations of the defendant's answer had the effect of judicially confessing the plaintiff's possession, so as to entitle the plaintiff to judgment in its favor.
To summarize the statutory context of this litigation:
A possessory action such as the present is a real action brought by the actual or recently-evicted possessor of immovable property to be maintained in or restored to possession. LSA-C.C.P. Arts. 3655-3662. In contrast, the petitory action seeks recognition of title in favor of a plaintiff who is not in possession of claimed property. Arts. 3651-3653.
In the real actions, the possessor as statutorily defined, Arts. 3658, 3660, has very real advantages: (1) In the possessory action, he need prove only his possession for more than a year within the requisite period of suit in order to have his right to possession maintained against the defendant, Art. 3658, with his title to the property not being at issue, Art. 3661; (2) In the petitory or other real actions, a party claiming against a possessor must make out a title good as against the world, not simply a better title, Arts. 3653, 3654.
*210 At issue here is the application of LSA-C.C.P. Article 3657. This code provision forbids the cumulation of the petitory and the possessory actions, and it provides for the conversion of a possessory into a petitory action when a party asserts title.[1]
The plaintiff company's petition alleges that: The plaintiff possesses a described 13-acre tract, having gone into possession of it immediately following its purchase in 1908. On June 19, 1964, the defendant O'Quin recorded an alleged title to the property, being a state patent. On May 6, 1965 and following, the defendant exercised acts of possession of the tract. The petition's prayer seeks recognition of the plaintiff's right to possession of the described property. The suit was filed on May 11, 1965.
The defendant O'Quin's answer generally denies the plaintiff's possession. It also affirmatively alleges that the defendant has been in actual corporeal possession since 1957, further admitting recordation of the 1964 patent deed. The prayer of the answer, in full, is: "Wherefore, defendant prays for judgment in his favor and against the defendant [obviously meaning the `plaintiff'], rejecting Plaintiff's demands at its costs."
In support of a judgment, on the pleadings in its favor, the plaintiff contends that the defendant asserted title in himself and has thereby judicially confessed the plaintiff's possession and thus converted the suit into a petitory action. This contention is based solely upon Article 3 of the defendant's answer, which in reply to Article 3 of the plaintiff's petition ("Plaintiff possesses, as owner, the following described immovable property * * *") alleges:
"The allegations of Paragraph 3 of Plaintiff's petition are denied and defendant affirmatively alleges that he is the owner and possessor of the property described in said paragraph 3 of Plaintiff's petition by virtue of a [1964] patent acquired from the State of Louisiana * * * [Patent described.]"
The italicized phrasing is an isolated and incidental allegation in the defendant's answer. Within the statutory meaning and intent, as we will show, this allegation did not constitute a formal assertion of title sufficient to convert the possessory suit by the plaintiff into a petitory action by the defendant.
The application of the second paragraph of LSA-C.C.P. Art. 3657 is at issue. This second paragraph provides (the full article is quoted at Footnote 1):
"When, except as provided in Article 3661(1)-(3),[2] the defendant in a possessory *211 action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action." (Italics ours.)
It is to be noted that, under this Code article, pleadings to permit introduction of evidence to prove the defendant's possession as owner expressly do not constitute an assertion of title converting the suit into a petitory action.
Here, in the context of the entire answer, the defendant O'Quin denied the plaintiff company's possession and asserted his own possession since 1957, possession following 1964 being under a claim of ownership by reason of the state patent. At worst inadvertent, at best inartistic and ambiguous, the allegation that the defendant "is the owner and possessor of the property * * * by virtue of a patent", etc., can, in the light of the entire pleading, be considered equivalent to the somewhat similarly worded but acceptable allegation that the defendant "is the possessor as owner of the property * * * by virtue of a patent", etc.
In reaching this conclusion, we especially take into consideration the prayer of the defendant's answer, which simply sought the dismissal of the plaintiff's possessory action that is, it did not assert or seek recognition of the defendant's title to the property.
A possessory suit to try the right to possession is not converted into a petitory action to try title by incidental allegations of ownership by a party, where the pleadings as a whole and especially the prayer show that possessory and not petitory relief is what is sought. Foscue v. Mitchell, 190 La. 758, 182 So. 740; Coleman's Heirs v. Holmes' Heirs, La.App. 3 Cir., 147 So.2d 752; Phillips v. West, La.App. 1 Cir., 144 So.2d 173.[3] In disposing of a contention similar to the present, it was stated in the first-cited opinion at 182 So. 742: "In determining whether a suit is a jactitation [now, possessory] suit or a petitory action, the averments of the petition and the answer must be construed in connection with their respective prayers, which fix the character of plaintiff's action and the nature of the relief sought by the defendant."
To be contrasted with the present incidental allegation of ownership, is the situation where the defendant's answer in a possessory suit formally claims title against the possessor, which thus has the statutory effect of converting the suit into a petitory action. See Official Revision Comment (e) to Article 3657. The cases relied upon by the present plaintiff-appellee concern such instances, and their holdings are thus distinguishable from the present. In Board of Trustees of Ruston Circuit, M E Church, South v. Rudy, 192 La. 200, 187 So. 549, the defendants admitted the plaintiff's possession but claimed certain reversionary rights under the title; in Barrow v. LeBlanc, La.App. 1 Cir., 35 So.2d 469, the defendant by alternative demand specifically pleaded prescriptive title.
Earlier we emphasized the significant importance of the status of the possessor in real actions. To adopt the plaintiff-appellee's view, this crucially important question of possession may be irrevocably determined against a pleader by virtue of a casual, inadvertent, ill-worded, or incidentally-pleaded allegation.
*212 Such a strict and technical construction of the Article 3657 would, we believe, be far beyond the statutory intent. The Official Revision Comment indicates that the assertion of title by the defendant required to convert the suit into a petitory action should consist of some formal claim for recognition of title rather than of an incidental and offhand allegation. Comment (e). Nor is such strict construction required by the limited statutory purpose of the code article "to keep the trial of the issues of possession and ownership as separate as possible, and to encourage the determination of the issue of possession before the institution of the petitory action." Official Revision Comment (a)
So strict and technical a construction of this code article will constitute it a trap by which unwary or inartistic counsel may inadvertently by two or three ill-chosen words plead away irrevocably valuable substantive and procedural rights of their clients. Such a technical and literal application of the code provision, without consideration of the pleadings as a whole or of the limited statutory purpose of the code article, violates the legislative mandate of LSA-C.C.P Art. 5051 that "The articles of this Code are to be construed liberally, and with due regard for the fact that [the] rules of procedure implement the substantive law and are not an end in themselves."
A further consideration reenforces our view that Article 3657 should not be construed to enforce the extreme rigidity of pleading argued for by the plaintiff-appellee. By its revision of the real actions, the Code of Civil Procedure of 1960 intended to simplify and liberalize them and to do away with their former hypertechnicality and rigidity.[4] Official Revision Comment, "Introduction" to "Real Actions", Title II of Book 7, LSA-C.C.P. Arts. 3651 et seq. We would be substituting new hypertechnicalities for the old, if the new Code provision is interpreted so that a random clause incidentally pleaded will change the entire nature of the cause of action and irrevocably determine the central issue of possession.
For the reasons assigned, we reverse and set aside the judgment on the pleadings granted in favor of the plaintiff-appellee. The case is remanded for further proceedings not inconsistent with the views expressed herein. The plaintiff-appellee is cast with all costs of this appeal, with assessment of other costs to await the final determination of these proceedings.
Judgment on the pleadings refused; remanded.
NOTES
[1] C.C.P. Art. 3657 provides in full:

"The plaintiff may not cumulate the petitory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the possessory action is abated.
"When, except as provided in Article 3661(1)-(3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action.
"If, before executory judgment in a possessory action, the defendant therein institutes a petitory action in a separate suit against the plaintiff in the possessory action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein."
[2] C.C.P. Article 3661 provides in full:

"In the possessory action, the ownership or title of the parties to the immovable property or real right is not at issue.
"No evidence of ownership or title to the immovable property or real right shall be admitted except to prove:
"(1) The possession thereof by a party as owner;
"(2) The extent of the possession thereof by a party; or
"(3) The length of time in which a party and his ancesters in title have had possession thereof."
[3] The cited Phillips case follows this rule in refusing to hold the claim that the plaintiff's allegations of ownership had converted its possessory suit into a petitory action. Its refusal to apply the same rule to the defendant's answer must be understood in the context of the statutory provision applicable between 1946-1960 that a defendant in a jactitory (possessory) action could not question the plaintiff's possession unless he excepted to it in limine litis. Act 241 of 1946, as formerly found at LSA-R.S. 13:5063; Bickam v. Crawford, La.App. 1 Cir., 64 So.2d 11.
[4] See, as to former real actions, Hubert, A Louisiana AnomalyThe "Writ" System in Real Actions, 22 Tul.L.Rev. 459 (1948).