321 So.2d 37 (1975)
Anthony Kermit LEMOINE, Plaintiff-Appellant,
v.
Harry COUVILLON, Defendant-Appellee.
No. 5108.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
Rehearing Denied November 13, 1975.
Writ Refused December 17, 1975.
Riddle & Bennett by Darrel Ryland, Marksville, for plaintiff-appellant.
Laborde & Lafargue by Edwin L. Lafargue, Marksville, for defendant-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
This suit was instituted as a possessory action by Anthony K. Lemoine against Harry Couvillon. Plaintiff seeks to be maintained in possession of a 3.25 acre tract of land in Avoyelles Parish. Defendant filed an answer, and after trial on the merits, judgment was rendered by the trial *38 court in favor of defendant, rejecting plaintiff's demands. Plaintiff appealed.
The decisive issues presented are (1) whether defendant converted this suit into a petitory action, and (2) if so, whether the defendant "made out" his title to the subject property.
The record shows that on June 8, 1960, plaintiff Lemoine purchased from Otis Guillory the following described property, situated in Avoyelles Parish, Louisiana, to-wit:
"A certain tract of land situated in the 6th Ward, Avoyelles Parish, Louisiana, containing Eighteen and one-half acres, and bounded North by Leon Jusselin, South by E. P. Couvillon, East by Lovel Rabalais, and West by L. A. Normand. See A10, page 71 of the records of Avoyelles Parish, Louisiana." (Emphasis added).
Defendant Harry Couvillon acquired by inheritance from his father, Emanuel P. Couvillon, deceased, an undivided interest in a tract of land, containing 15 acres, more or less, located immediately south of and adjoining the Lemoine tract. Defendant's property is described, in part, as being bounded on the north by A. K. Lemoine.
Plaintiff and defendant trace their respective titles back to a common authorin-title, Adrien Couvillon, Jr. Both parties agree that according to their titles the south boundary of the Lemoine tract is contiguous with the north boundary line of defendant's property.
In May, 1961, plaintiff had a survey of his 18.5 acre tract made by Blanchard Marchand, a registered land surveyor. A plat of that survey was made by Marchand on May 29, 1961, showing the boundaries of the Lemoine property, including what the surveyor considered to be the south line of that tract. When the survey was completed, Marchand put markers on the property showing the location of the south line.
In 1969, Lemoine constructed a fence around his premises, and that included a barbed wire fence along the line which had been marked by Marchand as being the south line of plaintiff's 18.5 acre tract of land. Plaintiff then proceeded to clear off the property which was inside that enclosure, and particularly the property which was immediately north of the above barbed wire fence, and he began using the property lying north of that fence for pasture purposes.
In 1972, defendant Couvillon had a survey of his property made by Ralph L. Gagnard, also a registered land surveyor. Gagnard found, however, that the dividing line between the two tracts of land, that is, the south line of the Lemoine tract, should be located 103 feet north of the line located by Marchand. Gagnard prepared a plat, dated April 5, 1972, showing the results of his survey.
This strip of land, 103 feet wide, which lies north of the fence erected by Lemoine in 1969 and south of the line found by Gagnard to be the south line of the Lemoine property, comprises a total of 3.25 acres, and it is the property in dispute here.
The discrepancy between the two surveys was called to the attention of Marchand, who promptly reviewed his findings and concluded that he in fact had made an error in his survey, due to the fact that he had used an incorrect marker to begin his measurements. He agreed that the boundary line between plaintiff's property and that of defendant, that also being the south line of plaintiff's 18.5 acre tract, actually should be located along the line found by Gagnard. On July 30, 1973, Marchand corrected the plat of survey which he had prepared following his 1961 survey to show that the south line of Lemoine's property should be located 103 feet north of the line shown on the plat which Marchand had prepared originally. Copies of this corrected survey were furnished to Couvillon and to Lemoine.
*39 On December 28, 1973, a meeting was held in the office of an attorney in Marksville for the purpose of resolving the dispute between the parties relative to this boundary line. Attending that meeting were plaintiff and his attorney, defendant and his attorney, and Mr. Marchand.
At that meeting all parties orally agreed: (1) That there was an error in the Marchand survey, and that the south boundary line of plaintiff Lemoine's property actually is 103 feet north of the line shown as the south boundary in the Marchand plat, dated May 29, 1961; (2) that defendant, at his own expense, would remove the fence which Lemoine constructed in 1969, and would rebuild it 103 feet north of its then existing location; and (3) that Couvillon would pay Lemoine $110.50 to reimburse him for the expenses which the latter incurred in clearing off the subject property.
Pursuant to that agreement, Couvillon paid Lemoine the sum of $110.50, and sometime between February 15 and March 15, 1974, Couvillon removed the fence which Lemoine had constructed, and he erected a new fence along, or almost along, the boundary line between the two tracts of land, as established by the Gagnard survey and the Marchand corrected plat. The agreement entered into by the parties relative to the boundary between these tracts of land was not reduced to writing, the only written evidence of that agreement being the check which defendant issued to plaintiff for $110.50, containing the notation, "Reimbursement for 3.25 acres of land clearing."
A dispute arose later between the parties as to the terms of the above agreement. Lemoine understood that he was to receive, in addition to the payment of $110.50, a tract of land lying immediately north of his property, equal in size to the property which he surrendered to defendant. His understanding, according to his testimony, was that Marchand was to relocate the north boundary line of Lemoine's 18.5 acre tract of land, so that it would be 103 feet north of the line shown in the original Marchand plat, and that Lemoine thus would acquire 3.25 acres on the north side of his property in place of the area on the south which he was giving up to Couvillon.
Couvillon testified that he did not promise to give Lemoine any additional property, and in any event he could not have done so because he did not own any other property in that area.
Marchand did not resurvey plaintiff's property, and thus he did not relocate the north line of that tract as Lemoine felt should have been done. Marchand testified that he at no time obligated himself to resurvey or to relocate any of the boundaries of plaintiff's land. He stated, however, that he is willing to make a resurvey of that tract if somone will pay him for it, but that no one has engaged him to do so.
Lemoine, apparently feeling that the compromise agreement had been breached, attempted to return the $110.50 to defendant and he instituted this suit in December, 1974. He alleges in his petition that he possesses as owner the above described 18.5 acre tract of land, that defendant disturbed him in his possession during the period from February 15 to March 15, 1974, by tearing down and removing plaintiff's fence "without the knowledge or consent of petitioner" and by constructing another fence on plaintiff's property, and that plaintiff is entitled to be restored to the peaceable possession of his property.
Defendant answered, pleading primarily that plaintiff's demands be rejected, and demanding in the alternative that he be recognized as a co-owner of the subject property. Defendant also alleges in his answer that the parties had entered into an agreement settling their differences, and he specially pleads "transaction or compromise" as an affirmative defense in bar of plaintiff's demands.
The trial judge rendered judgment in favor of defendant, rejecting plaintiff's demands. *40 He concluded, first, that the 3.25 acre tract at issue here is located south of the 18.5 acre tract owned by Lemoine, that plaintiff's sole demand is that he be restored to the possession of his 18.5 acre tract, that his possession of that tract has never been disturbed, that he does not even seek to be maintained in possession of the property in dispute here, and that plaintiff's demands thus must be rejected. The trial court also found as an additional ground for rejecting plaintiff's demands that the parties had settled their differences by transaction or compromise, and that the check issued by Couvillon to Lemoine in connection with that settlement constituted sufficient written evidence of the compromise to satisfy the requirements of LSA-C.C. art. 3071.
We have decided that the judgment appealed from should be affirmed, but we arrive at that conclusion for reasons which are different from those assigned by the trial court. We prefer to base our ruling on the ground that defendant converted the suit into a petitory action and that he has made out his title to the subject property. Under those circumstances, judgment ordinarily would be rendered recognizing and decreeing the defendant to be the owner of an undivided interest in that property. In this case, however, defendant did not appeal or answer the appeal, and for that reason we cannot grant him any greater relief than was granted by the trial court.
Plaintiff contends that the answer filed by defendant was not sufficient to convert the suit into a petitory action. During the trial plaintiff timely objected several times to the introduction of evidence tending to show defendant's title to that property, and in each instance the trial court overruled his objection on the ground that the suit had been converted to a petitory action. The trial court ruled several times, therefore, that defendant's answer was sufficient to make that conversion.
In Article 7 of the answer, defendant alleges, in substance, that he inherited from his father, E. P. Couvillon, an undivided interest in the land which is south of and adjoining plaintiff's 18.5 acre tract. The evidence establishes that the 3.25 acre tract which is in dispute here is included in or comprises a part of the property claimed by defendant. In Article 8 of the answer, defendant alleges that "After plaintiff attempted to build a fence around his subject tract of land, it was discovered that the fence along the southern end of the property had been placed too far to the South, as a result of which it enclosed some 3.5 acres of the E. P. Couvillon tract of land."
Article 12 of the answer reads as follows:
"In the alternative, and only in the event it be held that the compromise entered into and carried out by the parties does not bar all of plaintiff's demands herein, defendant alleges that he is entitled to possession of the property in dispute as co-owner, and that plaintiff has judicially admitted defendant's ownership by alleging that his land is bounded on the South by land owned by defendant's deceased father."
Following the above allegations in the answer, defendant prayed primarily for judgment rejecting plaintiff's demands, and alternatively for judgment recognizing him to be a co-owner of the subject property. The prayer contained in the answer reads, in part, as follows:
"In the alternative, in the event it be held that plaintiff's demands are not barred by the above alleged compromise, recognizing defendant and decreeing him to be a co-owner of the property in question, and, as such, entitled to the possession thereof, and ordering plaintiff to deliver possession thereof to defendant forthwith."
Article 3657 of the Louisiana Code of Civil Procedure provides that "when. . . the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts *41 the suit into a petitory action. . ." In this suit, defendant unquestionably has asserted title in himself, and that assertion was made in the alternative.
Plaintiff contends that defendant has alleged only that he has possessed the subject property as a co-owner. He argues that such an allegation constitutes merely a claim of possession and not of ownership. We disagree. In our opinion the allegations in Articles 7, 8 and 12 of the answer constitute an assertion of ownership, and the alternative prayer in the answer is that defendant be recognized as a co-owner.
All of the allegations in the answer, as well as the prayer, should be considered in determining whether defendant has asserted title in himself. The assertion of title, in order to be sufficient to convert the suit into a petitory action, should consist of some formal claim of recognition of title, rather than an offhand allegation. LSA-C.C.P. art. 3657, Revision Comment (e); Haas Land Company v. O'Quin, 187 So.2d 208 (La.App. 3 Cir. 1966); Voisin v. Luke, 234 So.2d 862 (La.App. 1 Cir. 1970).
The allegations and the prayer contained in the answer filed by defendant in this case were not artfully drafted. We believe they are sufficient, however, to show that defendant is making a formal claim for recognition of his title. Plaintiff could not reasonably have been misled into thinking that he was not seeking to be recognized as a co-owner of the property, and certainly the alternate prayer in the answer cannot be regarded as an offhand assertion of ownership.
Our conclusion is that the suit has been converted into a petitory action.
We turn now to the question of whether defendant has made out his title, as required by LSA-C.C.P. art. 3653. The trial judge observed, correctly, that this is actually an action to fix the boundary between the estates of the parties, although it was filed as a possessory action. The property in dispute is the land which lies between the line which plaintiff claims is the correct boundary, and the line which defendant claims is correct.
The two land surveyors who surveyed the property and who testified at the trial agree that the true boundary line between the Lemoine 18.5 acre tract and defendant Couvillon's property, located south of and adjacent to the Lemoine tract, is the line which defendant contends is the correct one. The true boundary between the two tracts of land is 103 feet north of the line on which Lemoine constructed a fence in 1969. The correct boundary is shown by red markings on the Marchand plat, as corrected on July 30, 1973.
The entire 3.25 acre tract of land which is in dispute here is located south of and adjacent to the boundary line as determined by the two surveyors. No part of the property in dispute is included in the boundaries of the Lemoine 18.5 acre tract of land.
The record contains copies of all pertinent documents making up the chains of title to the properties involved here, and two attorneys who examined the titles testified at the trial. The evidence, including documents in the record, trace the titles of the Lemoine and Couvillon tracts back to a common author, Adrien Couvillon, Jr.
The evidence establishes that plaintiff Lemoine is the owner of the 18.5 acre tract of land which is described in the petition. It also establishes (1) that defendant, Harry Couvillon, is the owner of an undivided interest in the tract of land located immediately south of and adjacent to the Lemoine property, and (2) that the 3.25 acre tract in dispute here is included in the property owned by defendant.
Our conclusion is that defendant has "made out" his title to the property in dispute here. It is unnecessary for us to determine the exact interest which defendant owns in that property, because we are *42 precluded from rendering judgment recognizing Couvillon as the owner of the subject land. Since he did not appeal or answer the appeal, he cannot be granted any greater relief than that given by the trial court, and that was simply a rejection of plaintiff's demands. Under the circumstances presented here we think the judgment appealed from should be affirmed.
In view of the conclusions which we have reached, it is unnecessary for us to consider the question of whether plaintiff is barred from recovering because of the alleged transaction or compromise, or whether his demands should be rejected because of his failure to allege in his petition possession of the 3.25 acre tract in dispute.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.