FORET, Judge.
On June 6,1978, the plaintiff, Roylie Fon-tenot, filed a pleading styled “Petition to be Restored to Possession” alleging that he possessed as owner a certain tract of land located in Evangeline Parish. He further alleged that the defendant, Donald Chap *DLXXIV man, had erected a fence on the property in question just west of the eastern boundary between the property possessed by plaintiff and the property belonging to the defendant. Finally, plaintiff alleged that the erection of the fence disturbed his peaceful possession and that he had possessed the property as owner without interruption for more than one year immediately prior to the disturbance of his possession by the defendant.
After the court’s overruling of defendant’s peremptory exception of no cause and/or no right of action and his motion for summary judgment, the defendant answered plaintiff’s petition and reconvened, asserting a boundary action.
Plaintiff asserts that he owns 15.9 acres of property in the tract which is adjacent to defendant’s property, and defendant asserts that plaintiff owns only 15.00 acres. Defendant had attempted to build a fence between the properties based on his belief that plaintiff’s tract contained only 15.00 acres. Plaintiff claims that this building of a fence by defendant disturbs his possession. Hence, the issue is whether plaintiff possessed beyond his record title of 15 acres, more or less. Plaintiff asserted possession up to an old fence line.
After trial on the merits, the trial court ruled in favor of the plaintiff, maintaining him in possession of 15.9 acres. The court further decided that in reality, defendant’s reconventional demand was a petitory action and not a boundary action. From this judgment the defendant has appealed.
Before reaching the merits, it is necessary that we deal first with plaintiff’s peremptory exception of no cause of action.
Plaintiff in the original action, Roylie Fontenot, filed, in this Court, what appears to be a peremptory exception of prescription and, in the alternative, one of no right of action based on LSA-CC Article 795, alleging that he acquired the subject property by virtue of ten-year acquisitive prescription.
LSA-CCP Article 2163 reads:
Art. 2163. Peremptory exception filed in appellate court; remand if prescription pleaded
The appellate court may consider the peremptory exception filed for the first •time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.
Source: C.P. Art. 902.
Under the above quoted codal provision, an appellate court has the right to consider appellee’s exception; however, it is not obligated to do so, as clearly appears from the use of the discretionary vesting word “may”.
Thus, this Court has the discretionary power to permit the assertion of peremptory exceptions under LSA-CCP Art. 2163 where they have not been previously asserted in the court below. Gulotta v. Cutshaw, 283 So.2d 482 at 491 (La.1973). We therefore decline to consider the exception filed by appellee because these issues were not presented to or considered by the trial court and have not been fully litigated by the parties.
To summarize the statutory context of this litigation:
A possessory action such as the one brought by Mr. Fontenot is a real action brought by the actual or recently evicted possessor of immovable property to be maintained in or restored to possession. LSA-CCP Arts. 3655-3662. The petitory action has as its purpose the recognition of title in favor of a plaintiff who is not in possession of claimed property. LSA-CCP Arts. 3651-3653. A boundary action is one brought by the owner or possessor of one of two or more contiguous tracts of land to compel the fixing of the boundary between such tracts of land. LSA-CC Arts. 785-787, LSA-CCP Arts. 3691-3693.
*DLXXV Once the plaintiff in a possessory action proves the necessary requirements for the maintenance thereof[1], he is entitled to a judgment maintaining him in possession of the subject property.
The trial judge determined that Mr. Fontenot proved the necessary elements required by LSA-CCP Art. 3658. This determination is amply supported by the record and is one with which we agree.
The trial court also concluded that the defendant’s reconventional demand was in reality a petitory action. With this conclusion, we disagree. The pertinent part of defendant’s pleading reads:
“ANSWER AND RECONVENTIONAL DEMAND
* * * * * *
7.
All defendant-reconvenor is attempting to do is to put a fence on the boundary line (i. e., between the eastern boundary of ROYLIE FONTENOT’S property and the western boundary of his property).
8.
It is plaintiff who is disturbing defendant-reeonvenor by his actions, and it is plaintiff’s actions that are keeping him from utilizing all of his property which belongs to him.”
In Haas Land Company, Ltd. v. O’Quin, 187 So.2d 208 (La.App. 3 Cir. 1966), the defendant, in reply to an allegation in the plaintiff’s petition that “plaintiff possesses, as owner, the following described immovable property” alleged that “the allegations of Paragraph 3 of plaintiff’s petition are denied, and defendant affirmatively alleges that he is the owner and possessor of the property . . . ”. In finding that this language did not convert the possessory action into a petitory action, the Court stated:
“. . . To adopt the plaintiff-appel-lee’s view, this crucially important question of possession may be irrevocably determined against a pleader by virtue of a casual, inadvertent, ill-worded, or incidentally-pleaded allegation.
Such a strict and technical construction of the Article 3657 would, we believe, be far beyond the statutory intent. The Official Revision Comment indicates that the assertion of title by the defendant required to convert the suit into a petito-ry action should consist of some formal claim for recognition of title rather than of an incidental and offhand allegation. Comment (e). Nor is such strict construction required by the limited statutory purpose of the code article ‘to keep the trial of the issues of possession and ownership as separate as possible, and to encourage the determination of the issue of possession before the institution of the petitory action.’ Official Revision Comment (a).
So strict and technical a construction of this code article will constitute it a trap by which unwary or inartistic counsel may inadvertently by two or three ill-chosen words plead away irrevocably valuable substantive and procedural rights of their clients. Such a technical and literal application of the code provision, without consideration of the pleadings as a whole or of the limited statutory purpose of the code article, violates the legislative mandate of LSA-C.C.P. Art. 5051 that ‘The articles of this Code are to be construed liberally, and with due regard for the fact that [the] rules of procedure implement the substantive law and are not an end in themselves.’

*DLXXVI We would be substituting new hypertech-nicalities for the old, if the new Code provision is interpreted so that a random clause incidentally pleaded will change the entire nature of the cause of action and irrevocably determine the central issue of possession.”
Another consideration which supports our view that the articles dealing with real actions should not be rigidly construed is that by its revision of the real action, the Code of Civil Procedure of 1960 intended to simplify and liberalize these articles and to do away with their former hypertechnicality [2]. Official Revision Comment “Introduction” to “Real Actions”, Title 2, Book 7, LSA-CCP Arts. 3651, et seq.
The defendant’s entire answer to the pos-sessory action must be taken into consideration in determining whether the answer converts the action into a petitory action. Voisin v. Luke, 234 So.2d 862 (La.App. 1 Cir. 1970).
In reaching this conclusion, we especially take into consideration the prayer of the defendant’s answer and reconventional demand, which simply sought the dismissal of the plaintiff’s possessory action and a fixing of the boundary between plaintiff’s and defendant’s land.
Defendant, by reconvention, seeks a judicial fixing of a boundary line between the respective properties of plaintiff and defendant.
LSA-CC Article 792 provides that:
“The court shall fix the boundary according to the ownership of the parties; if neither party proves ownership, the boundary shall be fixed according to limits established by possession.
Acts 1977, No. 169, § 1, eff. Jan. 1, 1978.”
No one in this action has proved ownership. For this reason, the judgment of the trial court is reversed insofar as it declares Fontenot to be the owner of the disputed tract. As stated earlier, Mr. Fontenot has satisfactorily carried his burden in his pos-sessory action by meeting the requirements set out in LSA-CCP Article 3658.
Defendant, by reconvention, seeks a judicial fixing of a boundary line between the respective properties of plaintiff and defendant. For this reason, we will remand this case to the trial court for a judicial fixing of the boundary. In so doing, we specifically reserve the right of plaintiff and defendant to file any additional relevant pleadings which they may deem necessary.
For the reasons mentioned above, we affirm that part of the judgment of the trial court maintaining the plaintiff, Roylie Fon-tenot, in possession of the property in question. We reverse that part declaring him to be owner thereof and remand this case for a judicial fixing of the boundary.
Costs of this appeal and of any survey are to be assessed equally between the parties, one-half to defendant and one-half to plaintiff.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. Art. 3658. Same; requisites
To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption
for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.
Source: New; cf. C.P. Art. 49; C.C. Arts. 3449, 3456; and Comment following.

. See Hubert, a La. Anomaly-The “Writ” System in real actions, 22 Tulane Law Rev. 459 (1948) with regard to former real actions.