428 So.2d 496 (1983)
CROWELL LAND AND MINERAL CORPORATION, Plaintiff-Appellee,
v.
Joe NEAL, et ux, Defendants-Appellants.
No. 82-197.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Rehearing Denied March 22, 1983.
*497 Robert L. Royer, Alexandria, for defendants-appellants.
Crowell, Owens & Tudor (Richard B. Crowell), Alexandria, for plaintiff-appellee.
Before GUIDRY, CUTRER and LABORDE, JJ.
LABORDE, Judge.
Crowell Land and Mineral Corporation, (Crowell), plaintiff-appellee, filed a possessory action against Joe Neal and Thelma Neal, defendants-appellants. The trial court held that the Neals had converted the matter to a petitory action by their pleadings and therefore confessed possession of Crowell. The Neals appealed. We conclude that the Neals in their pleadings did not assert title or ownership in themselves.
The Neals raised the following issues:
(1) Whether or not the trial court erred in holding that the original possessory action was converted into a petitory action;
(2) Whether or not the trial court erred in failing to inform the Neals that the matter had been converted to a petitory action by the pleadings, and therefore, having the burden of proof shifting from Crowell to the Neals;
(3) Whether or not the Neals had proven 30 years adverse possession of the subject property.
Crowell filed a possessory action against the Neals, affecting property[1] in Rapides Parish, Louisiana. Crowell alleged disturbance of their peaceable possession of the subject premises by the Neals filing of an affidavit of possession and also the cutting of timber and digging a stock pond on the subject premises. The petition's prayer seeks recognition of Crowell's right to possession of the described property.
The Neals' answer generally denies Crowell's possession. They asserted in Paragraph 4 of their answer that they have been in actual corporeal possession of the property in question for a period in excess of thirty years and continue to possess said property.
The Neals further answered in Paragraph 8 stating that they and their ancestors have possessed the property in question for a period in excess of thirty years, their possession including fencing the property, running cattle and horses on the property, putting improvements on the property such as *498 a stock pond, and gardening the property. The prayer of the answer states:
"Wherefore, defendants, pray that this answer be deemed good and sufficient and that after due proceedings had, there be judgment herein in favor of Joe Neal and his wife, Thelma Moran Neal, recognizing defendants' right to possession of the immovable property and real rights described in plaintiff's original petition and maintain Joe Neal and Thelma Moran Neal in possession thereof, and further that there be judgment herein ordering the plaintiff to assert an adverse claim of ownership of said immovable property of real rights and a petitory action to be filed within fifteen (15) days after the date of the judgment herein becomes executory; or be precluded thereafter from asserting the ownership thereof."
The case was tried on the merits on December 11, 1981. Crowell went forward with its case and the Neals adduced evidence consistent with the pleadings. The trial court held that the Neals had converted the matter to a petitory action by their pleadings and therefore judicially confessed possession of Tract 3 to Crowell. Additionally, the trial court held that Crowell was the owner of the subject premises involved in this litigation and also ordered the Neals to pay Crowell the sum of TWO THOUSAND FIVE HUNDRED AND NO/100 ($2,500.00)DOLLARS as damages in addition to costs of the proceedings. The trial court's reasons for judgment which were orally assigned, are as follows:
"The Court observes that this was initially a possessory action filed by Crowell Land and Mineral Corporation against Joel Neal and Thelma M. Neal alleging certain acts of disturbance of the plaintiff's peaceful possession of the property. The defendant answered and in the defendant's answer asserted in Paragraph Four (4), further answering Paragraph Four (4) defendant asserts that Joel Neal and Thelma M. Neal and their ancestors have possessed the property in question for a period in excess of thirty (30) years and continue to possess said property. Certainly this is an assertion by the defendants of title in themselves of this property. The initial petition contained seven (7) separate numbered paragraphs or articles. All seven (7) of those were answered and in the answer was added an additional article and numbered eight (8), which reads, further answering defendant shows that they and their ancestors have possessed the property in question for a period in excess of thirty (30) years. Their possession included fencing the property, running cattle and horses on the property, putting improvements on the property, such as stock pond and garden on the property. That ends that. The Court is of the opinion that by making these two assertions, and rather emphatically and to impress the Court the defendant has asserted title in himself and thereby converts this matter to a petitory action, and judicially confesses possession of the plaintiff. So from that point I don't think it's necessary that the Plaintiff prove acts of possession. Although I think that the facts in the case are that they have over the years possessed the property and continue to possess it, because at no time have they been dispossessed of the property.
The Defendant, in this Court's opinion has not proven title to the property by thirty (30) years adverse, uninterrupted, peaceful possession...
The Court is of the opinion that the plaintiffs are entitled to continued possession of the property and that the defendant has converted this to a petitory action but failed to prove title to the property against the world. Under those circumstances I don't think it's necessary for the Court to order the defendant to institute a petitory action, because the matter has been adjudicated. Tried and adjudicated.
The plaintiff seeks damages ... So the Court will fix the damages at five (5) *499 days at five hundred dollars ($500.00) a day to fill the pond. A total of twenty-five hundred dollars ($2,500.00) and the defendant is cast for costs...."
The Neals contend that the trial court erred in converting the possessory action into a petitory action. We agree. In our opinion the allegations in Paragraphs 4 and 8 of the answer do not constitute an assertion of ownership.
At issue here is the application of LSA-C.C.P. Article 3657. The code provision forbids the cumulation of the petitory and the possessory actions, and it provides for the conversion of a possessory into a petitory action when a party asserts title. All of the allegations in the answer, as well as the prayer, should be considered in determining whether the Neals have asserted title in themselves. The assertion of title, in order to be sufficient to convert the suit into a petitory action, should consist of some formal claim of recognition of title, rather than an offhand allegation. Haas Land Company v. O'Quin, 187 So.2d 208 (La.App. 3rd Cir.1966); Voisin v. Luke, 234 So.2d 862 (La.App. 1st Cir.1970).
In reaching this conclusion, we especially take into consideration the prayer of the Neals answer, which sought the dismissal of Crowell's possessory action and the recognition of the Neals right of possession. Neither the Neals' answer nor any of their pleadings contain substantial material tending toward a formal assertion of title sufficient to convert the possessory suit by Crowell into a petitory action.
The appellate courts can render judgments on the merits when the trial court has made a consequential but erroneous ruling on the exclusion or admission of evidence. Builliard v. New Orleans Terminal Co., 185 La. 924, 171 So. 78 (La.1936). When the entire record is before the appellate court, remand for a new trial produces delay of the final outcome and congestion of crowded dockets while adding little to the judicial determination process. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). After a review of the record, we conclude that the record is sufficient for us to render a decision.
Crowell filed a possessory action and both parties introduced evidence consistent with this action. The basic requirement in a possessory action is corporeal possession by the plaintiff, or civil possession preceded by corporeal possession by the plaintiff or his ancestors in title. LSA-C.C.P. Art. 3660. In their petition, Crowell declared that they had "... physical and corporeal possession ..." of the property in dispute without interruption for more than a year.
It is well established law that physical occupancy of any part of a tract specifically described in a deed with the intent to possess the whole will constitute possession of all the property included therein. LSA-C.C. Art. 3437 and LSA-C.C.P. Art. 3661.
While in a possessory action the ownership or title of the parties to the property is not at issue, LSA-C.C.P. Art. 3661 provides that it is admissible to prove:
"(1) The possession thereof by a party as owner;
(2) The extent of the possession thereof by a party; or
(3) The length of time in which a party and his ancestors in title have had possession thereof."
The deed reflecting the transfer of this acreage to Crowell explicitly includes within its boundaries the subject property, Tract 3.
The record reveals that Crowell in the mid-1960's sold stumpage off part of the land and granted a utility right-of-way. They later donated a certain portion of the land to a local church in 1970. These acts combined with the deed describing the property in dispute establishes that Crowell had sufficient corporeal possession of other parts of the tract to constitute constructive possession of the whole.
*500 The Neals claim that the general rule that actual possession of part amounts to possession of the whole does not apply because the constructive possession relied on by Crowell did not exist due to the actual adverse possession by them. At trial, the Neals introduced evidence which they claim established they had possession of the property one year prior to the filing of this suit. Joe Neal testified that most of the land in Tract 3 was open range. He testified that for a number of years he had grazed his livestock on that property. Also, he stated that he erected some fences on this property to protect his livestock. The record establishes that there were some old fences on this property which had not been maintained. The record reveals that a small portion of this tract has been fenced and continuously maintained by the Neals. The area involved consists of a pasture and garden located northwest of the Neals residence. (See Appendix I) This garden and pasture has been maintained by the Neals for a number of years prior to and up to the filing of this suit.
Defendants in a possessory action who are without color of title can only defeat possession of the record owner who had corporeal possession of a part of the tract by an adverse possession by enclosures. Rhodes v. Collier, 215 La. 754, 41 So.2d 669 (La.1949) Applying the above jurisprudence to this case, we conclude the continuous act of enclosing the pasture and garden by the Neals and its maintenance for a number of years prior to the filing of this suit constitute sufficient adverse possession to defeat Crowell's constructive possession of this particular part of Tract 3.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that Crowell is in possession of Tract 3, as per attached plat, less and except the enclosed pasture and garden and that this possession has been quiet and without interruption for more than a year prior to the disturbance in law created by the filing of the affidavit of possession of the Neals and that they instituted this possessory action within a year of this disturbance. It is further ordered, adjudged and decreed that Joe Neal and Thelma Neal are in possession of the enclosed pasture and garden located in Tract 3, as per attached plat. Joe Neal and Thelma Neal are further ordered to assert their adverse claim of ownership of the immovable property possessed by Crowell in a petitory action to be filed within sixty days after the date the judgment becomes executory or be precluded thereafter from asserting the ownership thereof. It is further ordered that Crowell Land and Mineral Corporation assert their adverse claim of ownership of the immovable property possessed by the Neals in a petitory action to be filed within sixty days after the date the judgment becomes executory or be precluded thereafter from asserting the ownership thereof.
REVERSED AND RENDERED.
*501 
*502 
NOTES
[1] A copy of the plat of survey of Daniel D. Sandefur, Registered Surveyor dated December 18, 1981, is attached hereto as Appendix I.