GOTHARD, Judge.
This appeal arises from a possessory action filed by a corporation resisting eviction. From judgment for the plaintiff, the defendant appeals.
This suit involves the occupancy by the plaintiff corporation, Wallace C. Drennan, Inc., of a tract of batture land on the East Bank of Jefferson Parish, which Torrania Realty Corporation, defendant and holding company of Drennan, Inc., alleges it owns and leases to Drennan, Inc. Torrania served a notice ordering the corporation to vacate the land for past due rent. In response, Drennan, Inc. filed this suit, captioned “Petition to be maintained in possession and for injunction.” Drennan, Inc. is a thirty-year-old company in the business of fabricating steel for large construction projects. It alleges that the batture property was purchased in the name of Torra-nia Realty Corporation for Drennan, Inc. to use as a storage area for large equipment and is crucial to the company’s operation. Drennan, Inc. asserts it purchased the property but Torrania appeared as owner for financial reasons.
Two brothers started the business, with Wallace Drennan, Sr. as president of Wallace Drennan, Inc. and Douglas Drennan as president of Torrania Realty Corporation. The batture property was purchased in 1973. Wallace Drennan, Sr. died in September, 1979 and his sons, Wallace, Jr. and D. Torrey, along with Douglas continued the business. A few years after Wallace Drennan, Sr. died his brother announced to the sons that he owned all the stock in both corporations and would expect Drennan, Inc. to pay rent for the batture. Certain payments were made and documents were *232 signed for Drennan, Inc., but whether or not they represented rent or acquiescence to paying rent is in dispute. At the time this suit was heard, other proceedings, including Drennan, Sr.’s succession and suits concerning ownership of the two corporations, were under way in Orleans Parish. Torrania initiated eviction proceedings, alleging non-payment of rent for 1985 and 1986, and Drennan, Inc. filed this suit on September 23, 1986.
The trial court rendered judgment granting a preliminary injunction in favor of the plaintiff. It further ordered the defendant to bring a petitory action to assert any claims of ownership within sixty days, decreeing that the defendant converted the suit into a petitory action by asserting title in itself in the possessory action.
Although not formally raised by the appellant, the issues before us are whether Torrania sought to establish title in itself and converted the possessory action into a petitory action and whether Drennan, Inc. was entitled to a preliminary injunction in its possessory action.
The applicable articles of the Louisiana Code of Civil Procedure pertaining to pos-sessory actions are as follows:
Art. 3655. Possessory action
The possessory action is one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted.
Art. 3657. Same; cumulation with pet-itory action prohibited; conversion into or separate petitory action by defendant
The plaintiff may not cumulate the pet-itory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the posses-sory action is abated.
When, except as provided in Article 3661(1H3), the defendant in a possessory action asserts title in himself, in the alternative or otherwise, he thereby converts the suit into a petitory action, and judicially confesses the possession of the plaintiff in the possessory action.
If, before executory judgment in a pos-sessory action, the defendant therein institutes a petitory action in a separate suit against the plaintiff in the possesso-ry action, the plaintiff in the petitory action judicially confesses the possession of the defendant therein.
Art. 3658. Same; requisites
To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance. Amended by Acts 1981, No. 256, § 1.
Art. 3661. Same; title not at issue; limited admissibility of evidence of title
In the possessory action, the ownership or title of the parties to the immovable property or real right therein is not at issue.
No evidence of ownership or title to the immovable property or real right therein shall be admitted except to prove:
(1) The possession thereof by a party as owner;
(2) The extent of the possession thereof by a party; or
(3) The length of time in which a party and his ancestors in title have had possession thereof.
*233 See also articles 3656, 3659, and 3660.[1]
We first consider whether Torrania by asserting title to the real estate, converted the suit to a petitory action. Torra-nia argues that it merely intended to show its status as landlord and did not seek to have its title judicially approved.
As noted above, in a possessory action ownership or title is not at issue and evidence thereto shall be admitted only to prove possession as owner, the extent of possession, or length of time of possession. La.C.C.P. art. 3661. If the defendant asserts title in himself he then converts the possessory action into a petitory action and confesses possession by the party asserting possession. La.C.C.P. art. 3658.
In the cases reviewed, the courts carefully examined the defendant’s answer to determine whether he asserted title sufficiently to convert to a petitory action. The general rule of construction appears in Lemoine v. Couvillon, 321 So.2d 37 (La.App. 3rd Cir.1975), writ refused 323 So.2d 471 (La.1975), at 41:
All of the allegations in the answer, as well as the prayer, should be considered in determining whether defendant has asserted title in himself. The assertion of title, in order to be sufficient to convert the suit into a petitory action, should consist of some formal claim of recognition of title, rather than an offhand allegation. LSA-C.C.P. art. 3657, Revision Comment (e); Haas Land Company v. O’Quin, 187 So.2d 208 (La.App. 3 Cir.1966); Voisin v. Luke, 234 So.2d 862 (La.App. 1 Cir.1970).
In Crowell Land and Mineral Corp. v. Neal, 428 So.2d 496, 499 (La.App. 3rd Cir.1983), the court held that the answer, which asserted corporeal possession of over thirty years, did not contain “substantial material tending toward a formal assertion of title....” The prayer sought only the dismissal of the possessory action and recognition of the defendants’ right of possession. In Fontenot v. Chapman, 377 So.2d 492 (La.App. 3rd Cir.1979), the court found that the defendant’s reference to a disputed parcel of property as “his” should not be so strictly construed as to constitute an assertion of title. In Gaulter v. Gennaro, 345 So.2d 92 (La.App. 1st Cir.1977), the court found that a similar allegation was not a formal claim of title but merely an assertion made to support the defendant’s right to possess as owner.
In other cases the court found that there was indeed a conversion from a possessory action to a petitory action. In Phillips v. Donaldson, 494 So.2d 1379 (La.App. 3rd Cir.1986), the defendants claimed record ownership in their answer. In Avery v. *234 Nash, 448 So.2d 841 (La.App. 2nd Cir.1984), the defendant asserted ownership by inheritance and prayed for judgment recognizing his ownership of the disputed property. Finally in Lemoine v. Couvillon, supra, the defendant’s answer asserted his inheritance of an undivided interest in the disputed land from his father, and the prayer sought dismissal of the plaintiff’s demands for possession and in the alternative that he be recognized as a co-owner. As is evident from our brief review, there is no simple rule for deciding whether a posses-sory action has been converted to a pet-itory one.
In considering Torrania’s petition we call attention to the following exerpts from its answer:
1.
Respondent denies the allegations of fact contained in Paragraph 1 of plaintiff’s petition and rule, except that petitioner is and has been in the immovable property referred to in Paragraph 1 only as a tenant under lease from Torrania Realty Corporation, which is and has been the owner of the said immovable property, as evidenced by the certified copy of the act of sale by which TORRA-NIA REALTY CORPORATION acquired the said immovable property, a copy of which is annexed hereto and made part hereof as if set forth herein in extenso.
[[Image here]]
AND NOW FURTHER ANSWERING the petition and rule of WALLACE C. DRENNAN, INC., TORRANIA REALTY CORPORATION respectfully represents:
8.
That TORRANIA REALTY CORPORATION is the owner of the immovable property located in the Parish of Jefferson, State of Louisiana, described more fully as batture Plots A and B, St. Peter Plantation, bearing the municipal address 4720 River Road (M & E, Louisiana Hwy. 611-1) Jefferson Parish, La., as evidenced by the acquisition of TORRANIA REALTY CORPORATION passed before Pat Brown, Notary Public, August 8, 1973, and recorded in the Conveyance Office of the Parish of Jefferson in COB 797, Folio 625, a copy of which is attached to an affidavit of Douglas G. Drennan, which is filed herewith and made part of this petition.
9.
That WALLACE C. DRENNAN, INC. has occupied the said immovable property as a lessee from TORRANIA REALTY CORPORATION since 1973 paying to TORRANIA REALTY CORPORATION a portion of the rent thereon, but now being in arrears in the said rent....
[[Image here]]
WHEREFORE, respondent prays that plaintiff’s proceedings and the rule for a preliminary injunction be dismissed at plaintiff’s cost and that the preliminary injunction prayed for be denied.
While the prayer does not contain assertions of ownership, this pleading of Torra-nia Realty Corporation as a whole clearly asserts title to the property in itself and bases its status of landlord on its ownership. No document representing a lease agreement has been produced, other than a copy of the minutes of a board meeting of Wallace C. Drennan, Inc. dated August 1, 1982, which stated that Drennan, Inc. would pay $7,000 annual rental to Torrania. Wallace Drennan, Jr. asserts that his signature was obtained under duress and that he did not pay rent, only taxes.
Because Torrania’s position as landlord and its right to evict its alleged tenant depend upon its ownership and as the corporation has asserted title and attempted to introduce a deed into evidence, we believe the trial court was correct in ordering Tor-rania to assert any claim of ownership in a petitory action within sixty days after the judgment became executory.
We find no error in the judgment insofar as it granted Drennan, Inc. a preliminary injunction. The appellant concedes that the appellee has occupied the land continuously since 1973, although it alleges appellee was only a tenant. Wallace Drennan, Jr.’s testimony and the exhibits introduced into evidence indicate that during that time Drennan, Inc. has per *235 formed acts indicative of ownership, such as filling the land, installing concrete slabs, and obtaining utilities for the property. Further, if the company were evicted from the batture it would be unable to complete large projects that are already under way. Having made a prima facie case, Drennan, Inc. is entitled to a preliminary injunction to preserve the status quo during the pend-ency of a possessory or petitory action. La.C.C.P. art. 3663.
For the reasons assigned above we conclude that the judgment below is correct; however, out of a concern for precision, we amend the judgment in part by adding the words, “or be precluded thereafter from asserting the ownership thereof,” to the final paragraph of the decree so that that portion of the judgment will read:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant, Torrania Realty Corporation, bring a petitory action to assert any claim of ownership that it has to the property involved in this proceeding within sixty (60) days after this judgment becomes executory, or be precluded thereafter from asserting the ownership thereof.
Accordingly, the judgment appealed from is amended in part and as amended, affirmed.
AMENDED AND AS AMENDED AFFIRMED.

. Art. 3656. Same; parties; venue
A plaintiff in a possessory action shall be one who possesses for himself. A person entitled to the use or usufruct of immovable property, and one who owns a real right therein, possesses for himself. A predial lessee possesses for and in the name of his lessor, and not for himself. The possessory action shall be brought against the person who caused the disturbance, and in the venue provided by Article 80(1), even when the plaintiff prays for a judgment for the fruits and revenues of the property, or for damages.
Art. 3659. Same; disturbance in fact and in law defined
Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact and disturbance in law.
A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.
A disturbance in law is the execution, rec-ordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right therein, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right.
Art. 3660. Same; possession
A person is in possession of immovable property or of a real right therein, within the intendment of the articles of this Chapter, when he has the corporeal possession thereof, or civil possession thereof preceded by corporeal possession by him or his ancestors in title, and possesses for himself, whether in good or bad faith, or even as a usurper.
Subject to the provisions of Articles 3656 and 3664, a person who claims the ownership of immovable property or of a real right therein possesses through his lessee, through another who occupies the property or enjoys the right under an agreement with him or his lessee, or through a person who has the use or usufruct thereof to which his right of ownership is subject.