CULPEPPER, Judge.
This is a suit involving approximately seven acres of land. From a judgment sustaining defendants’ exception of no cause of action and dismissing plaintiffs’ suit, the plaintiffs appeal.
The substantial issue is whether plaintiffs, despite two amendments to their petition, have improperly cumulated the petitory and possessory actions, with the result that they have failed to state a legal cause of action.
In their original petition plaintiffs allege that they are in possession of the seven acres of .land, to which they have acquired title by thirty years prescription; that the defendants, as heirs and legatees, have caused to be placed of record on February 2, 1961, a judgment recognizing defendants as owners of the said seven acre tract and placing them in possession thereof. In the prayer of their original petition, plaintiffs ask that they be recognized as the sole owners of the property in question.
Thereafter plaintiffs filed their first supplemental petition amending their original petition, but still retaining the allegations that plaintiffs were the possessors and owners of the property. The prayer of the original petition, that plaintiffs be recognized as owners of the property, was expressly retained.
Defendants then filed an exception of no cause of action on the grounds that plaintiffs, by their prayer to be recognized as owners, have brought a petitory action; that under the provisions of LSA-C.C.P. Article 3651 the petitory action “is one brought by a person who claims the ownership, but who is not in possession, of immovable property”; that since plaintiffs have alleged they are in possession of the property, they cannot bring the petitory action and have stated no cause of action.
After hearing, the trial court sustained defendants’ first exception of no cause of action but allowed plaintiffs time within which to further amend their petition so as to remove the objection.
Plaintiffs then filed a second supplemental petition which does not delete any of the allegations of the original or first supplemental petition but adds additional paragraphs in which plaintiffs reallege their physical possession of the property, as well as their title to said' property. The prayer of this second supplemental petition does not ask that plaintiffs be recognized as owners. It prays that plaintiffs’ right to possession be recognized and that defendants be ordered to assert their ownership within sixty days or forever be precluded therefrom. It also prays for damages. It does not expressly retain or abandon the prayers of the previous petitions.
After the filing of the second supplemental petition, defendants again filed an exception of no cause of action on the grounds that under the provisions of LSA-C.C.P. Article 3657 plaintiffs have improperly cumulated a petitory and a possessory action, thereby waiving- the possessory action; that, considered as a petitory action, plaintiffs have not stated a legal cause of action because they still allege physical possession. The trial court sustained this exception and dismissed plaintiffs’ suit.
In this court plaintiffs argue that it was their intention, in their second supplemental petition, to abandon the petitory action and to allege only a possessory action. The issue is whether they have accomplished this purpose. As stated above, plaintiffs did not, in their last supplemental petition, expressly retain or abandon the prayer of their original petition seeking recognition of their ownership. However, it is our opinion they 'are presumed by law to have abandoned it. The general rule of law *754 is set forth in 71 C.J.S. Verbo, Pleading § 321, pp. 716-717 as follows:
“An amendment which is complete in itself and does not refer to, or adopt, the prior pleadings, ordinarily supersedes it and the prior pleading ceases to be a part of the record for most purposes, and has been held to be in effect abandoned and, likewise, has been held to be in effect withdrawn as to all matters not restated, and to become functus officio.
******
“On the other hand, an amended pleading does not supersede the original pleading where it is evident that it is not designed as a substitute therefor or intended to take its place, as where it refers to its allegations, or expressly reaffirms them, or merely elaborates certain of them, or merely augments the original pleading by additional allegations, and in such cases the original pleading and the amendment are to be construed together.”
Louisiana cases following this general rule of law are Bologna Brothers v. Stephens, 23 So.2d 645 (2nd Cir. La.App.1945), Olivier, Voorhies & Lowrey v. Majors, 133 La. 764, 63 So. 323 and Blake v. His Creditors, 6 Rob. 520.
It is our conclusion that the prayer of plaintiffs’ last supplemental petition seeks only relief consistent with a possessory action (LSA-C.C.P. 3655-3662) and that under the circumstances of this case they are presumed to have abandoned their previous prayer for recognition of ownership in a petitory action. LSA-C.C.P. 3651. The suit now stands as a possessory action.
For the reasons assigned, the judgment appealed is reversed and set aside and this case is remanded to the District Court for further proceedings in accordance with the views expressed herein. All costs of this appeal are assessed against the defendants.
Reversed and remanded.