835 So.2d 681 (2002)
Carolyn BOUDREAUX
v.
AUDUBON INSURANCE COMPANY, et al.
No. 2001 CA 2061.
Court of Appeal of Louisiana, First Circuit.
October 16, 2002.
*682 Matthew W. Bailey, Baton Rouge, for Plaintiff/Appellee Carolyn Boudreaux.
Sherri A. Young, Baton Rouge, David E. Walle, New Orleans, for Defendant/Appellant Audubon Ins. Co.
Larry M. Roedel, Terry T. Dunlevy, Baton Rouge, for Defendant/Appellee Jacky Johnson.
Before: KUHN, DOWNING, and LANIER[1], JJ.
KUHN, J.
Audubon Insurance Company (Audubon) appeals a partial summary judgment in favor of plaintiff-claimant, Carolyn Boudreaux, and Audubon's insured-defendant, Jacky Johnson, in this personal injury lawsuit filed by Boudreaux. The trial court concluded that the Audubon homeowners policy provided liability coverage to Johnson for Boudreaux's claims and also declared that the insurer has a duty to defend Johnson in this lawsuit. For the following reasons, we dismiss Audubon's appeal without prejudice.

BACKGROUND
According to the allegations of Boudreaux's petition, filed on September 1, 2000, while an invited guest of Johnson, she slipped and fell as a result of a hazardous or defective condition in the premises located at 621 Day Drive in Baker, LA. Boudreaux named as defendants in her lawsuit, premises owner Johnson, and his homeowners insurer, Audubon. Audubon answered the lawsuit, denying inter alia, that it provided coverage to Johnson for Boudreaux's claims. Johnson separately answered Boudreaux's lawsuit and asserted a cross claim against his homeowners insurer seeking a determination that under the terms of the policy it issued, Audubon provided coverage for Boudreaux's claims and owed him a defense. Johnson's cross claim requests from Audubon indemnification and a defense in the lawsuit filed by Boudreaux. Johnson also seeks damages, court costs, and attorney's fees from Audubon for the insurer's alleged arbitrary and capricious action or inaction in this matter.
*683 Audubon subsequently filed a motion for summary judgment, urging entitlement to dismissal from the lawsuit under policy exclusions and that no genuine material facts existed on the issue of whether it owed Johnson a duty to defend against Boudreaux's claims. Boudreaux and Johnson filed cross motions for summary judgment: both asserting entitlement to a judgment concluding Audubon afforded Johnson coverage for Boudreaux's claims, and Johnson further averring that Audubon owed him a defense.
After a hearing, the trial court denied Audubon summary judgment but granted relief to Boudreaux and Johnson, finding the Audubon homeowners policy afforded coverage to Johnson and that Audubon owed its insured a defense in this lawsuit. Audubon appeals.

DISCUSSION
According to the provisions of La. C.C.P. art. 966E:
A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.
In this case, the merits of Boudreaux's claim for damages against Johnson have not been decided. And Johnson's assertion to entitlement to damages, court costs, and attorney's fees alleged in his cross claim against Audubon have likewise not been fully disposed of by the trial court. Thus, the grant of summary judgment in favor of Boudreaux and Johnson, falling within the ambit of La. C.C.P. art. 966E, is a partial summary judgment.
This court's appellate jurisdiction extends to "final judgments." La. C.C.P. art.2083. An appeal may be taken from a final judgment under Article 1915A without the judgment being so designated. La. C.C.P. art.1911.
The trial court's grant of partial summary judgment in favor of appellees was appealed by Audubon subsequent to the amendment to La. C.C.P. art. 1915A. See La. Acts 1999 No. 89, § 1 and No. 1263, § 1. Thus, in addressing this matter, we examine that version of La. C.C.P. art. 1915A, which states in relevant part:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * *
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E). (Emphasis added.)
The partial summary judgment rendered under La. C.C.P. art. 966E that Audubon appeals, which neither granted appellees all the relief prayed for in their respective pleadings nor adjudicated all of the issues in this case, is not a final one under La. C.C.P. art. 1915A.
No appeal may be taken from a partial final judgment (which necessarily includes a grant of summary judgment) until the judgment has been designated a final judgment in accordance with Article 1915B. See La. C.C.P. art.1911. Louisiana Code of Civil Procedure article 1915B provides in pertinent part:
(1) When a court renders a partial judgment or partial summary judgment ... as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless *684 it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. (Emphasis added.)
We note that the designation and no-just-reason-for-delay determination required by La. C.C.P. art. 1915B is commonly referred to as "certification." See Succession of Grimmett, 31,975, 32,217, 32,364, p. 4 (La.App.2d Cir.3/5/99), 738 So.2d 27, 30.
The record does not include the transcript from the hearing, although the oral reasons for judgment were transcribed and filed into the record. The trial judge stated, "I grant [Boudreaux's and Johnson's] summary judgment, deny Audubon's summary judgment and make this a final determination and will sign judgment accordingly." The signed judgment provides, "IT IS ... ORDERED, ADJUDGED AND DECREED that this is a final judgment." Nothing in this record establishes that the parties requested the trial court to designate the partial summary judgment final. Neither the trial judge's transcribed reasons nor the judgment even cursorily states that no just reason for delay exists. And nothing in this record suggests that an express no-just-reason-for-delay determination was undertaken by the trial judge.
As noted by the Third Circuit in Woodward v. Cutrer, XXXX-XXXX, p. 3 (La. App. 3d Cir.10/3/01), 796 So.2d 900, 902, this court's appellate jurisdiction extends to "final judgments." La. C.C.P. art.2083. Thus, in the absence of a designation of the judgment as final through an express determinationi.e., a meaningful and considered articulation by the trial courtof no just reason for delay, a jurisdictional defect exists. The prudent course is that taken in Succession of Grimmett, 31,975, 32,217, 32,364 at p. 3, 738 So.2d at 31, wherein the Second Circuit stated:
[W]e agree that, generally speaking, it is improper to review the merits of an uncertified partial judgment pursuant to supervisory jurisdiction, without first considering whether or what the trial court has ruled on the propriety vel non of certification. To do so would take from the trial court the responsibility invested in it by the legislature of weighing and balancing the competing factors with which that court is more familiar and upon which it is to exercise its discretion in determining whether the interest of sound judicial administration will be better served through an immediate appeal. At the same time, our conclusion in no way restricts the plenary supervisory powers this court may exercise in its discretion in a proper case.
The record before us: (1) does not show a request by any party to have the partial summary judgment designated as final; (2) includes a judgment that does not even perfunctorily express that no just reason for delay exists in the trial court's ostensible designation of the partial summary judgment as final; and (3) lacks a meaningful and considered articulation by the trial court in support of an implicit determination of no just reason for delay in conformity with the express language of the present version of La. C.C.P. art. 1915B(1). Thus, applying the express language of La. C.C.P. art. 1915B(2), we hold "[i]n the absence of such a determination *685 and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal." And when an appeal of an uncertified partial judgment or summary judgment comes before this court, we ordinarily will not exercise our supervisory jurisdiction to address the merits. Because the trial court has neither determined no just reason for delay nor statutorily complied with the designation procedure set forth in La. C.C.P. art. 1915B(1), Audubon's appeal is dismissed without prejudice.

CONCLUSION
For these reasons, Audubon's appeal of the partial summary judgment granted in favor of Carolyn Boudreaux and Jacky Johnson is dismissed without prejudice.
APPEAL DISMISSED.
NOTES
[1] The Hon. Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge ad hoc by special appointment of the Louisiana Supreme Court.