GAIDRY, J.
pin this case, the defendant appeals a judgment declaring a default judgment taken by defendant absolutely null. Because the judgment appealed from is not a final, appealable judgment, we dismiss the appeal and remand this matter for further proceedings.
DISCUSSION
Plaintiff, Kathia Beckendorf Simmons Richardson, filed a petition on May 21, 2003 seeking to nullify a default judgment taken against her by her former attorney, Marti Tessier, on the grounds that the judgment was procured through fraud. Mrs. Richardson’s petition also includes a *56 request for damages arising from Tessier’s fraudulent acts. Tessier filed a reconven-tional demand against Mrs. Richardson seeking $776.00 on an open account for unpaid legal fees.
After several continuances, a trial was held on May 26, 2006, and the court rendered judgment setting aside the default judgment taken against Mrs. Richardson as an absolute nullity. The judgment does not mention the reconventional demand for unpaid legal fees or Mrs. Richardson’s claim for damages, but the court’s written reasons for judgment contains the following statement regarding the damages claim:
The plaintiff has brought an action for damages arising from the confirmation of default cited. The court will set the matter for hearing to determine the damages sustained and applicable in the above matter upon motion of the plaintiff.
No mention was made by the court at the time of the trial that the damages issue would be tried at a later date. Mrs. Richardson did testify briefly about her damages arising from the fraud at the trial, and she rested her case without mentioning the need to put on any additional evidence on that issue. It is unclear why the trial court included this in his written reasons for | ¿judgment.[1] Furthermore, although the trial court denied Tessier’s “Notice of Intent to File Emergency Writ” by stating that the case had been concluded and judgment had been rendered, he failed to designate the judgment as final or find that there is no just reason for delay as required by La. C.C.P. art. 1915(B)(1).
Since this judgment adjudicates fewer than all .the claims and was not certified as final by the trial court in accordance with La. C.C.P. art. 1915(B)(1), it is not an appealable final judgment. Boudreaux v. Audubon Ins. Co., 01-2061 (La.App. 1 Cir. 10/16/02), 835 So.2d 681. In order to avoid piecemeal litigation, this appeal is dismissed and this matter is remanded to the trial court for an adjudication of the remaining issues. Costs of this appeal are to be borne by defendant, Marti Tessier.
APPEAL DISMISSED; REMANDED FOR FURTHER PROCEEDINGS.
McCLENDON, J., concurs, and assigns reasons.
17 Noting that there was no consent by the parties to a bifurcation, I agree with the majority that the judgment appealed from is not a final appealable judgment. See LSA-C.C.P. arts. 1562 and 1915. Further, I would have equally assessed costs for this appeal.
Accordingly, I respectfully concur.

. Louisiana Code of Civil Procedure article 1562(A), which allows for separate trials on the issues of liability and damages if consented to by all parties and ordered by the court prior to trial, is inapplicable in this case. Although separate trials could have been ordered in Ms. Richardson's action for damages on the liability issue and the damages issue, this was not done.