PENZATO, J.
Appellant, State of Louisiana, by and through its Attorney General Jeff Landry (State),[1] appeals two judgments of the trial court, which this court assigned two different appellate numbers, sustaining the defendants' exceptions of no right of action and no cause of action and granting a motion to strike. In this matter, and in the companion case to this appeal, State of Louisiana, by and through its Attorney General James D. "Buddy" Caldwell v. Teva Pharmaceuticals Industries, Ltd., et al, 2017-0449 (La. App. 1 Cir. 2/8/18), 242 So.3d 595, also handed down this date, defendants filed a motion for partial dismissal with this court. For the reasons that follow, we dismiss the appeal and deny the motion for partial dismissal as moot.
FACTS AND PROCEDURAL HISTORY
This matter arises out of a petition filed by the State on July 10, 2015, against numerous defendants, Teva Pharmaceutical Industries, Ltd., Teva Pharmaceuticals, USA Inc. (Teva), Mylan Laboratories, Inc., Mylan Pharmaceuticals, Inc. (collectively Mylan), Ranbaxy Laboratories, Ltd., Ranbaxy Pharmaceuticals, Inc. (Ranbaxy), and Cephalon, Inc., who was subsequently purchased by Teva in 2011 (collectively all referred to as defendants).[2] The State claims that the defendants intentionally delayed entry of a generic equivalent to the brand-name drug Provigil into the Louisiana market, in violation of state antitrust and consumer protection laws. The petition alleges that defendants maintained *600 monopoly power in the market for Provigil for six years. Further, the petition alleges that the defendants sold more than $4 billion of Provigil during that period of time, while maintaining the price of the drug at supra-competitive levels, causing the State to overpay millions of dollars by depriving it of the benefits of unrestricted competition and access to less expensive generic versions.
The petition further maintains that after the Federal Drug Administration (FDA) approved the New Drug Application for Provigil, defendants filed a patent infringement suit against other companies that manufacture the generic drugs in New Jersey federal court, despite knowledge that the suit was frivolous as a result of intentional concealment of material facts to the U.S. Patent and Trademark Office during the application process. Later, when facing the imminent loss of exclusivity granted by the FDA, the defendants settled with each of the generic manufacturers in the New Jersey federal court case in return for agreements to delay marketing the generic drug until 2011 or 2012. The State claims that the profit from the defendants' monopoly and deceptive practice came at a cost of millions of dollars to the State, which was forced to purchase a brand name drug instead of a less expensive generic drug, but for the defendants' wrongful conduct.
The State sought damages and injunctive relief for injuries allegedly sustained by the Louisiana Medicaid Program as a result of an alleged unlawful conspiracy to prevent or delay the generic, less expensive drug from entering the Louisiana market for a six-year period. The State alleged that the conspiracy violated the Louisiana Monopolies Act (LMA), La. R.S. 51:121, et seq. (Count I), the Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1401, et seq. (Count II), and alternatively, violated the law of unjust enrichment (Count III). LMA prohibits parties from monopolizing, or attempting to monopolize, or combine, or conspire with any other party to monopolize any part of the trade or commerce within Louisiana. La. R.S. 51:123. LUTPA outlaws unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. La. R.S. 51:1405. Louisiana Revised Statute 51:1407(A) provides that whenever the attorney general has reason to believe that any person is using, has used, or is about to use any method, act, or practice declared to be unlawful under La. R.S. 51:1405, he may bring any action for injunctive relief in the name of the state against such person to restrain and enjoin the use of such method, act, or practice. Louisiana Revised Statute 51:1407(B) provides that the attorney general may also request, and the trial court may impose, a civil penalty against any person found by the trial court to have engaged in any method, act, or practice declared to be unlawful under La. R.S. 51:1405. Louisiana Revised Statute 51:1409 provides that any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by La. R.S. 51:1405 may bring an action individually, but not in a representative capacity, to recover actual damages.
On September 14, 2015, Ranbaxy filed declinatory exceptions of insufficient service of process and lack of personal jurisdiction. Teva and Ranbaxy filed joint peremptory exceptions of no right of action and no cause of action on the same date. On September 16, 2015, Mylan filed peremptory exceptions of no cause of action, no right of action, and prescription, as well as a declinatory exception of no personal jurisdiction.
*601 All the exceptions were tried by the trial court on May 16, 2016. On June 1, 2016, the trial court signed a judgment granting in part in favor of the defendants the exception of no right of action with respect to the LUTPA claims brought pursuant to La. R.S. 51:1409, a private right of action, and denying in part defendants' exceptions with respect to the LUTPA claims brought pursuant to La. R.S. 51:1407, for injunctive relief. The trial court granted the defendants' exceptions of no cause of action with respect to the LUTPA claims, "with the exception of any claim for injunctive relief under [La. R.S. 51:] 1407." The trial court granted the defendants' exceptions of no cause of action with respect to the LMA, "subject to the State being given thirty (30) days ... to amend its Petition to state a cause of action under the [LMA]." The exception of prescription was deferred pending the State's thirty days to replead. Mylan's exception of lack of personal jurisdiction was also deferred. The trial court granted the Defendants' exception of no cause of action with respect to the unjust enrichment claims. The only claims dismissed by the June 1, 2016 judgment were the claims for unjust enrichment.
After the trial court denied the State's motion for new trial, on June 30, 2016, the State filed a first supplemental and amending petition (amended petition), reasserting all of its claims, including additional factual allegations and expressly retaining the prayer in the original petition. In response to the amended petition, the defendants filed joint peremptory exceptions of no right of action, prescription, no cause of action, and lack of subject matter jurisdiction. On the same date, the defendants filed a joint motion to strike the State's amended petition. In the motion to strike, the defendants claimed that all of the State's claims were dismissed by the June 1, 2016 judgment and the State was only permitted to amend the LMA claims within the thirty (30) days permitted by the trial court.
The trial court held a hearing on the exceptions and motion to strike on November 14, 2016. On December 8, 2016, the trial court issued a judgment granting the motion to strike "with respect to all paragraphs in the [amended petition] except paragraphs 143(A), 153(A), and 166(A)." The trial court granted the defendants' exception of no cause of action with regard to the State's LUPTA claim for injunctive relief pursuant to La. R.S. 51:1407. The trial court granted the defendants' exception of no cause of action with respect to the State's LMA and unjust enrichment claims. The trial court further dismissed the State's amended petition in its entirety with prejudice. The defendants appealed both the June 1, 2016 judgment and the December 8, 2016 judgment on the same date.
FINALITY OF JUDGMENTS
On April 5, 2017 this court's Clerk issued separate show cause orders addressing apparent deficiencies in both judgments. As to the June 1, 2016 judgment, the Clerk observed that the appeal taken February 17, 2017, appeared to be untimely pursuant to La. C.C.P. art. 2087(A)(2). Furthermore, that judgment appeared to be a partial judgment that had not been certified under La. C.C.P. art. 1915(B). As to the December 8, 2016 judgment, the Clerk observed that the judgment appeared to be a partial judgment that had not been certified under La. C.C.P. art. 1915(B).
The State and the defendants responded to the rule to show cause, claiming that the appeal should not be dismissed. Both the State and the defendants maintain that the June 1, 2016 judgment is interlocutory, but that the December 8, 2016 judgment is a *602 final appealable judgment that disposes of the entire lawsuit. The State asserts that when an appeal is taken from a final judgment, "the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him, in addition to the review of the final judgment," quoting Judson v. Davis, 2004-1699 (La. App. 1 Cir. 6/29/05), 916 So.2d 1106, 1112, writ denied, 2005-1998 (La. 2/10/06), 924 So.2d 167. The State and the defendants argue that in addition to review of the December 8, 2016 judgment, it is entitled to seek review of the June 1, 2016 judgment.
The June 1, 2016 judgment is a partial final judgment, as it dismissed the unjust enrichment claims but not the LMA or LUTPA claims. This court's appellate jurisdiction extends to "final judgments," which are those that determine the merits in whole or in part. La. C.C.P. arts. 1841 and 2083 ; See Van ex rel. White v. Davis, 2000-0206 (La. App. 1 Cir. 2/16/01), 808 So.2d 478, 483. A judgment must be precise, definite, and certain. Laird v. St. Tammany Parish Safe Harbor, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See Carter v. Williamson Eye Center, 2001-2016 (La. App. 1 Cir. 11/27/02), 837 So.2d 43, 44. These determinations should be evident from the language of the judgment without reference to other documents in the record. Laird, 836 So.2d at 366. In relevant part, a final appealable judgment "must contain appropriate decretal language disposing of or dismissing claims in the case." State in Interest of J.C., 2016-0138 (La. App. 1 Cir. 6/3/16), 196 So.3d 102, 107. The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. Input/Output Marine Systems, Inc. v. Wilson Greatbatch, Technologies, Inc., 2010-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 916. A judgment that only partially determines the merits of an action is a partial final judgment and, as such, is immediately appealable only if authorized by La. C.C.P. art. 1915. Rhodes v. Lewis, 2001-1989 (La. 5/14/02), 817 So.2d 64, 66. A judgment maintaining an exception of no cause of action and dismissing the action completely is a final judgment which is appealable. However, a judgment partially maintaining an exception of no cause of action is a valid partial final judgment (and therefore appealable) only if authorized by La. C.C.P. art. 1915. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1239 (La. 1993).
The parties are correct that when an unrestricted appeal is taken from a final judgment, the appellant is entitled to review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment. City of Baton Rouge v. Douglas, 2016-0655 (La. App. 1 Cir. 4/12/17), 218 So.3d 158, 162. Accordingly, we must determine if the December 8, 2016 judgment is an unrestricted final judgment and whether review of the June 1, 2016 judgment is appropriate.
We must first determine what claims, if any, were disposed of by each of the judgments. The basic issues before the trial court were Count I, the LMA claim; Count II, the LUTPA claims pursuant to La. R.S. 51:1407, for injunctive relief and penalties, and La. R.S. 51:1409, a private right of action; and Count III, an unjust enrichment claim. The defendants have provided a chart in their response to the rule to show cause and argue that the LMA claim, the LUTPA claim pursuant to La. 51:1407 for injunctive relief, and the unjust enrichment claim were dismissed without prejudice *603 by the June 1, 2016 judgment. They further claim that the June 1, 2016 judgment dismissed the LUTPA claims pursuant to La. 51:1407 for penalties and La. 51:1409 for a private right of action with prejudice. Defendants also assert that the December 8, 2016 judgment dismissed the LMA claim, the LUTPA claim pursuant to La. 51:1407 for injunctive relief, and the unjust enrichment claim with prejudice (all purportedly had been dismissed without prejudice by the June 1, 2016 judgment) and reaffirmed the dismissal of the LUTPA claims pursuant to La. 51:1407 for penalties and La. 51:1409 for a private right of action (which purportedly had been dismissed with prejudice by the June 1, 2016 judgment).
Although the defendants argue that the LUTPA claims brought pursuant to La. R.S. 51:1407 for penalties and La. R.S. 51:1409 were dismissed with prejudice in the June 1, 2016 judgment, that judgment grants the exception (except for the claims brought pursuant to La. R.S. 51:1407 for injunctive relief) but does not dismiss any LUTPA claims. Furthermore, the LMA claim and the LUTPA claim pursuant to La. R.S. 51:1407 for injunctive relief were not dismissed by the June 1, 2016 judgment. The June 1, 2016 judgment afforded the State thirty (30) days to amend its petition with regard to the LMA claims. The only claim dismissed by the June 1, 2016 judgment is the claim for unjust enrichment. There is no decretal language dismissing any other claim. A judgment that "grants" a peremptory exception, but fails to dismiss a party and further fails to set forth decretal language disposing of or dismissing the plaintiff's claims against the defendants is defective and cannot be considered a final judgment for the purposes of an immediate appeal. Espinoza-Peraza v. Alexander , 2016-0137 (La. App. 1 Cir. 3/6/17), 2017 WL 899919, *2 (unpublished opinion), citing Costanza v. Snap-On Tools , 2013-0332 (La. App. 1 Cir. 3/5/14), 2014 WL 886021 (unpublished opinion); Johnson v. Mount Pilgrim Baptist Church, 2005-0337 (La. App. 1 Cir. 3/24/06), 934 So.2d 66, 67.
From the oral reasons at both hearings in the trial court, it appears the trial court was of the opinion that all claims were dismissed after the May 16, 2016 hearing, except for the LMA claim contingent upon the State amending the petition. However, reasons for judgment form no part of the official judgment, and appeals are taken from judgments, not reasons for judgment. Doe v. Breedlove, 2004-0006 (La. App. 1 Cir. 2/11/05), 906 So.2d 565, 571. Furthermore, the defendants also erroneously stated in their motion to strike the amended petition that the June 1, 2016 judgment dismissed all claims except the LMA claims. While that may have been the intent of all the parties, the June 1, 2016 judgment dismissed only one claim, the unjust enrichment claim, without prejudice.
After the State filed an amended petition, the trial court conducted a hearing on numerous exceptions filed by the defendants. Following the hearing, the trial court signed the December 8, 2016 judgment granting the motion to strike with respect to all paragraphs in the amended petition except paragraphs 143(A) (concerning market power of the defendants), 153(A) (concerning supra-competitive prices of the defendants in violation of the LMA, and 166(A) (concerning class actions and the tolling of prescription).[3] Thereafter, the trial court granted the exceptions *604 of no cause of action as to the LMA, the unjust enrichment claims, and the LUTPA claims brought pursuant to La. R.S. 51:1407 for injunctive relief. The December 8, 2016 judgment further dismissed the amended petition "in its entirety with prejudice at [the State's] cost." No other claims were dismissed by the December 8, 2016 judgment. As stated previously, this court's appellate jurisdiction extends to final judgments, which are those that determine the merits in whole or in part. La. C.C.P. arts. 1841 and 2083. The question, then, is whether any causes of action remain under the original petition. We find that there are causes of action which remain.
At the time of oral arguments, all parties maintained that the amended petition superseded the original petition. Louisiana courts have long acknowledged that the wording used in an amended petition may have the effect of superseding and replacing the allegations in an original petition. For instance, in Bologna Bros. v. Stephens, 23 So.2d 645, 646-647 (La. App. 2 Cir. 1945), a Louisiana appellate court relied on the language, " 'Plaintiffs supplement and amend their original and supplemental petitions ... to read as follows, ' " to conclude that the plaintiffs abandoned their original claim. In Coleman's Heirs v. Holmes' Heirs, 147 So.2d 752 (La. App. 3 Cir. 1962), the Court held that where plaintiffs filed a supplemental petition seeking relief pursuant to a cause of action that conflicted with the cause of action originally filed, and where the supplemental petition did not expressly retain or abandon the prayers in the previous petition, it was presumed that the previous petition was abandoned. Id. at 753. In so ruling, the Court relied on a general rule of law set forth in 71 C.J.S. Verbo, Pleadings § 321, pp. 716-717, which stated:
An amendment which is complete in itself and does not refer to, or adopt, the prior pleadings, ordinarily supersedes it and the prior pleading ceases to be a part of the record for most purposes, and has been held to be in effect abandoned and, likewise, has been held to be in effect withdrawn as to all matters not restated, and to become functus officio.
On the other hand, an amended pleading does not supersede the original pleading where it is evident that it is not designed as a substitute therefor or intended to take its place, as where it refers to its allegations, or expressly reaffirms them, or merely elaborates certain of them, or merely augments the original pleading by additional allegations, and in such cases the original pleading and the amendment are to be construed together.
Id. at 753-54.
In Thomas v. Lusk, 13 La. Ann. 277, p. 3 (La. 1858), the Supreme Court, in dealing with an amendment seeking an inconsistent demand, stated:
We are of the opinion that the filing of the amended petition was not such an absolute waiver of plaintiffs' original demand as to put his cause of action out of court, even if it be conceded that the demands were inconsistent. The plaintiffs certainly could not be in a worse condition after they filed their amendment than they would have been if they had embraced both demands in their original petition. In that case they would have had the right to elect which cause of action they would prosecute.
(See Montgomery v. American Motorists Insurance Co., 242 So.2d 45, 48 (La. App. 2 Cir.1970) ).
In Santiago v. Tulane Univ. Hosp. & Clinic , 2012-1095 (La. App. 4 Cir. 4/24/13), 115 So.3d 675, 685-87, the plaintiff, in her original patient compensation fund complaint and petition for damages, alleged *605 only fall-related claims against a doctor. She amended her petition, however, to delete all references to the doctor's responsibility for the fall. The Fourth Circuit held that without more, the trial court's dismissal of the plaintiff's original claims against the doctor would have been proper as superseded by the plain language of the amended petition. However, the amended language must necessarily be read in conjunction with the "catch-all" language of the plaintiff's amended petition, which stated:
The plaintiffs [sic] hereby adopt and incorporate by reference all allegations contained in the original and First Supplemental and Amending Petition for Damages as if copied here in extenso.
Santiago, 115 So.3d at 686. The court found that this language constituted a pronouncement of the plaintiff's intent to preserve the allegations made against the doctor in her original petition. Santiago , 115 So.3d at 686-87, citing Coleman's Heirs, 147 So.2d at 753.
Once the petition has been validly amended, the principal action or main demand encompasses the claim as amended or supplemented and not just the demand as set forth in the original petition. Best Fishing, Inc. v. Rancatore, 96-2254 (La. App. 1 Cir. 12/29/97), 706 So.2d 161, 166, citing Moore v. Gencorp, Inc., 93-0814 (La. 3/22/94), 633 So.2d 1268, 1271. Thus, the principal demand encompasses the various claims asserted by plaintiff in the original petition and the amended petition. The judgment of the trial court, which only addresses the claims asserted in the amended petition, does not fit within any of the categories of allowable partial final judgments listed in La C.C.P. art. 1915. As such, it is not appealable in the absence of irreparable injury. Best Fishing, 706 So.2d at 166.
Citing Best Fishing, this court in Boutte v. Meadows , 2013-1189 (La. App. 1 Cir. 2/18/14), 2014 WL 651754, *3 (unpublished), stated, "[w]hile the judgment adjudicated the claims contained in the petition for declaratory judgment, that petition set forth only a portion of the claims at issue in this matter. The judgment did not determine the merits of all of the claims pending in the case and, therefore, constitutes a partial judgment that is appealable only if authorized by Article 1915." See Best Fishing, 706 So.2d at 165 (judgment in the nature of a declaratory judgment was partial judgment where it resolved the issues presented by an amended petition but did not resolve the issues presented by the original petitory action petition).
In the present case, the amended petition re-urges and re-alleges the original petition and then seeks to add additional paragraphs to the original petition. Furthermore, the prayer for relief requests that judgment be rendered in favor of the State "in amounts reasonable in the premises as prayed for in the original Petition." Therefore, the language of the amended petition preserves the original petition. There is nothing in the amended petition which indicates that it was to supersede the original petition or that the original petition was abandoned. The exact opposite is true. The amended petition refers to and reaffirms the original petition, elaborates and augments the claims of the original petition, and retains the prayer of the original petition, such that they are to be construed together.
The original petition contained the LMA claim, the LUPTA claims pursuant to La. R.S. 51:1407, for injunctive relief and penalties, and La. R.S. 51:1409, a private right of action, and an unjust enrichment claim. Only the unjust enrichment claim was dismissed by the June 1, 2016 judgment. The December 8, 2016 judgment granted the *606 motion to strike the majority of the claims contained therein, and thereafter, dismissed the amended petition, but did not specifically dismiss any claims that remained from the original petition, even though it granted the exceptions of no cause of action as to the LUTPA claim pursuant to La. R.S. 51:1407 for injunctive relief and the LMA claim. As the December 8, 2016 judgment only dismissed the amended petition, it is a partial judgment that does not fit within any of the categories of allowable partial final judgments listed in La C.C.P. art. 1915.
The original petition has never been dismissed. The LUTPA claims under La. R.S. 51:1409, a private right of action, and La. R.S. 51:1407, for injunctive relief and civil penalties contained therein, have never been dismissed. Although the June 1, 2016 judgment granted the exception of no cause of action as to the LMA claims, subject to thirty (30) days to amend, those claims were not ultimately dismissed. The only decretal language resulting in dismissal in both judgments refers to the amended petition and the unjust enrichment claim.
While the June 1, 2016 judgment dismissed the unjust enrichment claim, this is a partial final judgment. As stated previously, a judgment that only partially determines the merit of an action is a partial final judgment, and, as such, is appealable only if authorized by La. C.C.P. art. 1915. Rhodes, 817 So.2d at 66-67. The June 1, 2016 judgment dismissing the exception of no cause of action as to the unjust enrichment claim does not fit within any of the enumerated categories of La. C.C.P. art. 1915(A) for immediate appeal.[4] A partial judgment that is not included in one of the enumerated categories of La. C.C.P. art. 1915(A) is not a final judgment for purposes of immediate appeal unless it is designated as "final" by the trial court after an express determination that there is no just reason for delay. La. C.C.P. arts. 1911(B) and 1915(B)(1). Louisiana Code of Civil Procedure article 1915 attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. R.J. Messinger, Inc. v. Rosenblum, 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122. The June 1, 2016 judgment contains no such designation as to finality. As such, the partial judgment dismissing the unjust enrichment claims is not appealable, and this court lacks jurisdiction to review it. See La. C.C.P. art. 1915(B)(2) ; Richardson v. Tessier, 2007-0374 (La. App. 1 Cir. 11/2/07), 977 So.2d 55, 56. Additionally, we decline to convert this matter to an application for supervisory writs, since the application *607 would have been dismissed as untimely pursuant to Uniform Rules-Courts of Appeal, Rule 4-3, and the granting of a writ application will not terminate the litigation at this time. The parties have an adequate remedy by review on appeal after a final judgment is rendered. See Best Fishing, 706 So.2d at 166-67.
The parties also argued that the granting of the motion to strike in the December 8, 2016 judgment dismissed all claims except for three paragraphs before dismissing the amended petition. A motion to strike is provided for in La. C.C.P. art. 964, which states, "[t]he court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is not an authorized or proper way to procure the dismissal of a complaint or cause of action. Carr v. Abel, 2010-835 (La. App. 5 Cir. 3/29/11), 64 So.3d 292, 296, writ denied, 2011-0860 (La. 6/3/11), 63 So.3d 1016. "A motion to strike is a means of cleaning up the pleadings, not a means of eliminating causes of actions or substantive allegations." Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp., 2001-345 (La. App. 3 Cir. 6/20/01), 790 So.2d 93, 98, writ denied, 2001-2115 (La. 7/26/01), 794 So.2d 834. Furthermore, the trial court's ruling on a motion to strike is interlocutory in nature and, generally, is not appealable. See La. C.C.P. arts. 1841 and 2083 ; Louisiana Safety Ass'n of Timbermen v. Carlton, 2012-0775 (La. App. 1 Cir. 12/21/12), 111 So.3d 1076, 1081 n.3. An appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him in addition to the review of the final judgment. Id. ; See also Judson, 916 So.2d at 1112-1113. However, in the present case we have determined that there is no final judgment, so we have no jurisdiction to review an interlocutory ruling.
Under these facts, neither the December 8, 2016 judgment nor the June 1, 2016 judgment is a final appealable judgment, and therefore, this court dismisses the appeal.
MOTION FOR PARTIAL DISMISSAL
Defendants have filed a motion for partial dismissal of this appeal insofar as it addresses the LMA claims. Defendants argue that La. R.S. 51:134 gives a potential appellant only five days to appeal the trial court's ruling on an exception or it has the effect of res judicata. We have determined that the December 8, 2016 judgment is a partial judgment. Even though the amended petition was dismissed by the December 8, 2016 judgment, the monopoly claims in the original petition have never been dismissed and there remain other claims. As previously stated, this court's appellate jurisdiction extends to "final judgments," which are those that determine the merits in whole or in part. La. C.C.P. arts. 1841 and 2083 ; see Van ex rel. White, 808 So.2d at 483. However, a judgment that only partially determines the merits of an action is a partial final judgment and, as such, is immediately appealable only if authorized by La. C.C.P. art. 1915. Rhodes, 817 So.2d at 66-67. The December 8, 2016 judgment was not certified as final by the trial court either before the appeal or after we issued a rule to show cause for each judgment. Absent a designation of a judgment as final under La. C.C.P. art. 1915(B)(1), a partial judgment may be revised at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. La. C.C.P. art. 1915(B)(2) ; See MAPP Const., LLC v. Chenevert Architects, 2014-0653, (La. App. 1 Cir. 12/23/14), 2014 WL 7332109, at *2(unpublished *608 opinion), writ denied, 2015-0164 (La. 4/17/15), 168 So.3d 397. In order to have subject matter jurisdiction, there must be either a final judgment or a final partial judgment. Louisiana Revised Statutes 51:134 does not eliminate the need to have an appealable judgment for jurisdiction of this court to attach. Therefore, the motion for partial dismissal is denied as moot based upon the dismissal of the underlying appeal.
CONCLUSION
For the above and foregoing reasons, we dismiss the appeal filed by the State of Louisiana, by and through its Attorney General Jeff Landry, and deny the motion for partial dismissal of the Louisiana Monopolies Act claims. Costs are assessed one-half to the State of Louisiana, by and through its Attorney General Jeff Landry, in the amount of $2,653.25 and one-half to defendants, Teva Pharmaceuticals USA, Inc., Ranbaxy Pharmaceuticals, Inc., Mylan Laboratories, Inc., and Mylan Pharmaceuticals, Inc.
APPEAL DISMISSED; MOTION FOR PARTIAL DISMISSAL DENIED AS MOOT.

After the filing of this lawsuit, on January 11, 2016, Janies D. "Buddy" Caldwell was succeeded in office as the Attorney General by Jeff Landry.

Teva Pharmaceuticals USA, Inc. and Ranbaxy Pharmaceuticals, Inc. later filed exceptions in those names only and indicated that Teva Pharmaceuticals Industries, Ltd., Ranbaxy Laboratories, Ltd. and Cephalon, Inc. had either never been served or were never properly served. The later three companies did not make a general appearance.

The paragraphs that were stricken from the amended petition by the trial court were never dismissed.

Louisiana Code of Civil Procedure article 1915(A) provides as follows:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).