STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1044

ROBERT EDWARD KELLEY

VERSUS

THE ESTATE OF ANN TALIANCICH KELLEY

*Judgment Rendered:* FEB 2 1 2020

********

Appealed from the 22nd Judicial Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2017-14248

Honorable Richard A. Swartz, Judge Presiding

********

| | |
|---|---|
| Robert T. Garrity, Jr. | Counsel for Plaintiff/Appellant |
| S. Ashley Marler | Robert Edward Kelley |
| Harahan, Louisiana | |
| | |
| Patrick K. Reso | Counsel for Defendant/Appellee |
| Jesse P. Lagarde | Jennifer A. Madona, |
| Hammond, Louisiana | Independent Executrix of The |
| | Estate of Ann Taliancich Kelley |

********

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**Lanier, J.**

The plaintiff, Robert Edward Kelley, appeals a summary judgment granted in favor of the defendant, the Estate of Ann Taliancich Kelley ("the estate"). For the reasons that follow, we dismiss the appeal and issue this opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).

On September 11, 2017, Mr. Kelley filed a petition against the estate seeking to annul an act of donation. Mr. Kelley asserted that he underwent brain surgery in January 2016, following which his wife "maintained him on a regiment of mind-altering and mind-numbing drugs." He further alleged that he had no "knowledge or recollection" of signing an act of donation dated September 27, 2016, in which he purportedly donated his one-half undivided interest in the family home located at 270 South Orchard Lane, Covington, Louisiana. Mr. Kelley maintained he was without the mental capacity to engage in a notarial act transferring immovable property.

The estate subsequently filed a motion for summary judgment, which was granted by the district court in a judgment signed on March 11, 2019. From this judgment, Mr. Kelley has appealed, arguing that the district court erred in granting summary judgment because there were clear issues of material fact that should be decided at trial.

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So. 3d 1044, 1046 (en banc). This court's appellate jurisdiction only extends to "final judgments." **Rose v. Twin River Development, LLC,** 2017-0319 (La. App. 1 Cir. 11/1/17), 233 So. 3d 679, 683; see also La. Code Civ. P. art. 2083(A).

2

A valid judgment must be "precise, definite, and certain." **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Carter v. Williamson Eye Center**, 2001-2016 (La. App. 1 Cir. 11/27/02), 837 So.2d 43, 44. Additionally, a final appealable judgment must contain appropriate decretal language disposing of or dismissing claims in the case. See **Joseph v. Ratcliff**, 2010-1342 (La. App. 1 Cir. 3/25/11), 63 So.3d 220, 224. These determinations should be evident from the language of a judgment without reference to other documents in the record, such as pleadings and reasons for judgment. **Laird**, 836 So.2d at 366. Thus, a judgment that does not contain decretal language cannot be considered as a final judgment for the purpose of an immediate appeal, and this court lacks jurisdiction to review such a judgment. See **Johnson v. Mount Pilgrim Baptist Church**, 2005-0337 (La. App. 1 Cir. 3/24/06), 934 So.2d 66, 67.

The following language is found in the March 11, 2019 judgment signed by the district court in the instant case:

> **IT IS HEREBY ORDERED ADJUDGED AND DECREED** that Defendant's Motion for Summary Judgment is hereby **GRANTED.**
>
> **IT IS FURTHER ORDERED ADJUDGED AND DECREED** that there be judgment in favor of the Defendant, **THE ESTATE OF ANN TALIANCICH KELLEY** and against Plaintiff, **ROBERT EDWARD KELLEY**, declaring the home and immovable property located at 270 South Orchard Lane, in Covington, Louisiana, to be the separate property of Ann Taliancich Kelley and finding that the Act of Donation dated September 27, 2016, is valid.

In this case, although the March 11, 2019 judgment indicates that the motion for summary judgment filed by the estate was granted and that judgment was rendered in favor of the estate, the judgment does not indicate that all of Mr. Kelley's claims were dismissed. One must consider extrinsic sources, including the

3

petition, in order to make that determination. The specific relief granted should be determinable from the judgment itself without reference to an extrinsic source, such as a pleading or reasons for judgment. **State by and through Caldwell v. Teva Pharmaceuticals Industries, Ltd.**, 2017-0448 (La. App. 1 Cir. 2/8/18), 242 So.3d 597, 602. Therefore, in the absence of appropriate decretal language, the March 11, 2019 judgment is defective and cannot be considered a final judgment for purposes of appeal. Thus, this court lacks appellate jurisdiction to review this matter and we must dismiss this appeal.[1]

## CONCLUSION

For the above and foregoing reasons, we dismiss the appeal of the March 11, 2019 judgment and assess all costs associated with this appeal to appellant, Robert Edward Kelley.

**APPEAL DISMISSED.**

---

[1] We recognize that this court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. See **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Generally, appellate courts have exercised that discretion when the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4-3, and where reversal of the trial court's decision would terminate the litigation, or where clear error in the trial court's judgment, if not corrected, will create a grave injustice. However, when the jurisdictional defect lies in the non-finality of a judgment, an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of decretal language to an application for supervisory writs. See **Boyd Louisiana Racing, Inc. v. Bridges**, 2015-0393 (La. App. 1 Cir. 12/23/15) 2015 WL 9435285, *4 (unpublished).